**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS      (1927-1950)
JOHN F. WHARTON     (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3158

WRITER'S DIRECT FACSIMILE

(212) 492-0158

WRITER'S DIRECT E-MAIL ADDRESS

arosenberg@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
JOHN F. BAUGHMAN
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
ROSS A. FIELDSTON
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE

JONATHAN S. KANTER
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
DAVID M. KLEIN
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
VALERIE E. RADWANER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
DAVID R. SICULAR
MOSES SILVERMAN
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
RAMY J. WAHBEH
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

April 22, 2018

United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    **Chapter 15 Filings of Integradora and Perforadora**
                **(Case Nos. 18–11094 and 18–11095)**

Your Honor:

      We write on behalf of AMA Capital Partners, LLC ("AMA") in relation to certain Chapter 15 Proceedings (as defined below). Notwithstanding unsubstantiated claims of exigency, these proceedings were filed leisurely—brought very late in the lives of the Mexican and Singaporean litigations to which they relate. And, they seek enormous, immediate, and unmerited relief.

      After the close of business on Friday, April 20, 2018, and without the courtesy of any advance notice, Alonso Del Val-Echeverria, as alleged foreign representative of Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. ("Integradora") and Perforadora Oro Negro, S. de R.L. de C.V. ("Perforadora" and, together with Integradora, the "Mexican Entities"), though his attorneys at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), filed thousands of pages in

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

United States Bankruptcy Court for Southern District of New York                    2

relation to initiating the proceedings in this Court. His verified petitions (the "Petitions"[1] and, the proceedings they initiate under 11 U.S.C. §§ 1501–1532, the "Chapter 15 Proceedings") seek entry of an order: (i) recognizing the Mexican Entities' so-called "joint *concurso mercantil* proceeding"[2] as a foreign main proceeding pursuant to sections 1515 and 1517 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"); and (ii) granting certain related relief. In addition, he filed expedited motions in each of the Chapter 15 Proceedings (the "Provisional Relief Motions"),[3] seeking the following unwarranted emergency relief from this Court:

  i.  Immediate provisional application of the stay of section 362(a) pursuant to 1519(a) of the Bankruptcy Code (the "Requested Provisional Stay"), despite Mr. Del Val-Echeverria failing to identify any assets in the United States that are subject to seizure, or dissipation, or that otherwise warrant imposing the Requested Provisional Stay; and

  ii. Authorization to obtain extensive document and deposition discovery from multiple parties (the "Discovery Parties") prior to recognition (the "Requested Provisional Discovery" and, together with the Requested Provisional Stay, the "Requested Provisional Relief"), even though the vast majority of the Discovery Parties have little or no material connection to the United States. (For example, Mr. Del Val-Echeverria seeks emergency discovery on behalf of the Mexican Entities—which have already commenced proceedings in Mexico—from Pemex—Mexico's state-owned petroleum company.)

He further asks the Court to: (i) schedule a hearing to address his Requested Provisional Relief on or shortly after April 25, 2018 (three business days after the filing of the Petitions); and (ii) require any objections to the Provisional Relief

---

[1] *Verified Petition for Recognition of Foreign Main Proceeding and Granting Discretionary Relief* [Case No. 18–11094, Docket No. 2; Case No. 18–11095, Docket No. 2].

[2] Although the Petitions state that the Mexican entities are in a "joint *concurso mercantil* proceeding," the Petitions also admit that the *Concurso* Court has not yet even determined whether the Mexican Entities qualify for admission to *concurso mercantil*. *See* Petition of Perforadora at ¶¶ 61, 85; Petition of Integradora at ¶¶ 60, 84.

[3] *Expedited Motion of Foreign Representative for (I) Provisional Relief Pursuant to Bankruptcy Code Sections 1519(a) and 362(a) and Additional Relief Pursuant to Bankruptcy Code Section 1521; and (II) Leave to Conduct Discovery Pursuant to Bankruptcy Code Sections 105(A), 1521(a)(4) and Federal Rule of Bankruptcy Procedure 2004* [Case No. 18–11094, Docket No. 15; Case No. 18–11095, Docket No. 16].

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

United States Bankruptcy Court for Southern District of New York    3

Motions be served by 5:00 p.m. on April 24, 2018 (two business days after the filing).[4] However, the events leading up to the filing of the Petitions show no emergency or threat of irreparable harm, and Mr. Del Val-Echeverria's proposed hearing date and objection deadline are both unreasonable and unnecessary.

First, his lawyers at Quinn Emanuel, on behalf of certain shareholders of Integradora, sent a letter to the Ad Hoc Group of Bondholders complaining of their alleged tortious interference in the Mexican Entities' business over six months ago on October 4, 2017. Having waited months to file, Mr. Del Val-Echeverria shows no need for such expedited discovery (which, in any event, his papers essentially admit is a fishing expedition).

Second, there is no actual threat of immediate or irreparable harm warranting a hearing regarding the Requested Provisional Stay. Despite the thousands of pages Mr. Del Val-Echeverria filed on the dockets for these Chapter 15 Proceedings, nowhere does he state the current procedural posture of the only pending litigation against the Mexican entities in the United States. What Mr. Del Val-Echeverria has not disclosed to this Court is that the Mexican Entities have not even been served in that litigation. Although Oro Negro Decus Pte. Ltd., Oro Negro Fortius Pte. Ltd., Oro Negro Impetus Pte. Ltd., Oro Negro Laurus Pte. Ltd., and Oro Negro Primus Pte. Ltd (collectively, the "Singapore Rig Entities") have initiated a proceeding against Perforadora in the Southern District of New York, identified as Case No. 1:18-cv-02301 (the "Bareboat Litigation"), that litigation poses no immediate threat, because the long process required to satisfy the service requirements of the Hague Service Convention and applicable Mexico law is still in its early stages. The service papers, including the District Court's March 27, 2018 order appointing an international process server, are in the process of being apostilled by the United States Department of Justice and State Department. Once apostilled, those documents and their translations, together with the Singapore Rig Entities' request for service, will be delivered to Mexico's Central Authority. Mexico's Central Authority will then need to review them before delivering them to a Mexican court. Finally, the Mexican court will have to facilitate service of the papers pursuant to applicable Mexico law. This service process will not be complete for months, and the Bareboat Litigation cannot continue until Perforadora is properly served. Since the Bareboat Litigation poses no immediate threat, a hearing on a stay in less than three business days is unnecessary.

---

[4] *Motion of Foreign Representative for an Order (I) Specifying Form and Manner of Service of Notice; (II) Scheduling a Hearing on Request for Provisional Relief; (III) Scheduling a Hearing on Verified Petition for Recognition of Foreign Main Proceedings and Related Relief; and (IV) Setting Deadline for Objections to Recognition* [Case No. 18–11094, Docket No. 15; Case No. 18–11095, Docket No. 15].

Doc#: US1:12030520v4

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

United States Bankruptcy Court for Southern District of New York                    4

    Similarly, alleged violations of the *Concurso* Court's injunctions pose no threat of immediate or irreparable harm. AMA understands that the actions of which Mr. Del Val-Echeverria complains are not in violation of any order of the *Concurso* Court or applicable Mexico law. Furthermore, those actions occurred in Mexico, and any potential stay of those actions is subject to the jurisdiction of the *Concurso* Court. Any stay provided under Chapter 15 is strictly territorial. *See, e.g.*, *See In re JSC BTA Bank*, 434 B.R. 334, 343 (Bankr. S.D.N.Y. 2010). As a result, these Chapter 15 Proceedings are a wholly inappropriate venue to address Mr. Del Val-Echeverria's grievances with respect to any of the alleged violations of the orders of the *Concurso* Court.

    Finally, the parties-in-interest, including the Discovery Parties and their counsel, need adequate time to review and respond to Mr. Del Val-Echeverria's filings, which, counting translations and a foreign-expert declaration, exceed three-thousand pages.

    We respectfully submit that the appropriate next step is for the Court to hold a scheduling conference at its convenience, for which we will make ourselves available. There is no cause for an immediate hearing.

    AMA reserves all rights with respect to the Chapter 15 Proceedings, Petitions, Provisional Relief Motions, and related filings. Nothing herein shall constitute a waiver or admission of any kind.

            Very truly yours,

            /s/ Andrew N. Rosenberg

            Andrew N. Rosenberg

cc: Quinn Emanuel Urquhart & Sullivan, LLP
   Attn: Scott C. Shelley (scottshelley@quinnemanuel.com)
      Juan P. Morillo (juanmorillo@quinnemanuel.com)
      Eric Winston (ericwinston@quinnemanuel.com)
   51 Madison Avenue, 22nd Floor
   New York, NY 10010

Doc#: US1:12030520v4