# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

UNIT 3601 OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST SUITE 3100
PO BOX 226
TORONTO ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3213

WRITER'S DIRECT FACSIMILE
(212) 492-0213

WRITER'S DIRECT E-MAIL ADDRESS
asynnott@paulweiss.com

MATTHEW W ABBOTT
EDWARD T ACKERMAN
JACOB A ADLERSTEIN
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
SCOTT A BARSHAY
PAUL M BASTA
JOHN F BAUGHMAN
J STEVEN BAUGHMAN
LYNN B BAYARD
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
DAVID M BERNICK
JOSEPH J BIAL
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
GEOFFREY R CHEPIGA
ELLEN N CHING
WILLIAM A CLAREMAN
LEWIS R CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
ROSS A FIELDSTON
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
ANDREW J FORMAN*
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
ROBERTO J GONZALEZ*
CATHERINE L GOODALL
ERIC GOODISON
CHARLES H GOOGE JR
ANDREW G GORDON
BRIAN S GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
BRIAN S HERMANN
MICHELE HIRSHMAN
DAVID S HUNTINGTON
AMRAN HUSSEIN
LORETTA A IPPOLITO
JAREN JANGHORBANI
BRIAN M JANSON
JEH C JOHNSON
MEREDITH J KANE

JONATHAN S KANTER
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
KYLE J KIMPLER
DAVID M KLEIN
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
GREGORY F LAUFER
BRIAN C LAVIN
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
ALVARO MEMBRILLERA
MARK F MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B O BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
LINDSAY B PARKS
VALERIE E RADWANER
CARL L REISNER
LORIN L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
CHARLES F RICK RULE*
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JOHN M SCOTT
DAVID R SICULAR
MOSES SILVERMAN
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C TARLOWE
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
RAMY J WAHBEH
LAWRENCE G WEE
THEODORE V WELLS JR
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JENNIFER H WU
BETTY YAP*
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
TAURIE M ZEITZER
T ROBERT ZOCHOWSKI JR

*NOT ADMITTED TO THE NEW YORK BAR

May 2, 2018

**Via ECF and E-Mail**

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004

*Re: In re: Perforadora Oro Negro, S. de R.L. de C.V. et al., Ch. 15 Case No. 18-11094 (SCC) )(Bankr. S.D.N.Y. Apr. 20, 2018) (Jointly Administered)*

Dear Judge Chapman:

      We write on behalf of AMA Capital Partners, LLC ("AMA") in response to the letter ("Letter") submitted by Alonso Del Val-Echeverria, the purported Foreign Representative of Integradora and Perfordaora ("Petitioner") (Dkt. No. 32).

      After submitting two declarations in support of his request for permissive relief, Petitioner seeks a protective order barring AMA from deposing the declarants about the contents of their declarations—on the startling ground that the testimony he has submitted is not relevant. In his own words, Petitioner is asking your Honor for a protective order limiting the scope of AMA's noticed depositions to matters relevant to recognition (which he believes are limited to no more than four: "whether the (1) Mexican *Concurso Mercantil* qualifies as a 'foreign proceeding'; (2) foreign proceeding qualifies as a foreign main proceeding or foreign nonmain proceeding (including the location of the foreign debtors' Center of Main Interests ('COMI')); (3) Foreign Representative is a person or body; and (4) petition meets the requirements of section 1515 of the Bankruptcy Code." (Dkt. 32 at 1.)). But, as the Court knows, recognition is not the only issue for the May 14 hearing. Petitioner also seeks additional discretionary relief, including extensive discovery and enforcement of certain Mexican *concurso* court orders. Moreover, the Petitioner seeks relief on both a provisional and final basis.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Shelley C. Chapman                                                                                        2

(Dkt. No. 16.) AMA is entitled to depose the Petitioner regarding whether the standards, procedures and limitations applicable to injunctions have been satisfied, as Section 1519(e) requires.

Notably, Petitioner's request for discretionary relief, as well as the declarations that support it, asserts a litany of actions that Petitioner is using to justify recognition and granting the relief Petitioner asks from this Court. These include accusations that: (a) parties acted in concert with Pemex (a Mexican State owned oil company) and Deutsche Bank (a German financial institution) and "caused Integradora Oro Negro and its Subsidiaries to collapse" (Dkt. 2 ¶ 14); and (b) insinuations that these same parties violated Mexican court orders. The discretionary relief sought includes extensive Rule 2004 discovery and enforcement of injunctions purportedly issued by the *concurso* court. (Dkt. 2 at 75-79.) To warrant such relief, Petitioner must demonstrate that it is "necessary to effectuate the purpose of [Chapter 15] and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1521. AMA should be permitted to depose the declarants regarding the facts that allegedly satisfy this standard. Contrary to Petitioner's assertion, AMA is not seeking to conduct Rule 2004 discovery of Petitioner—it merely seeks to test the veracity of and bases for statements that Petitioner himself has put at issue.

Even putting aside the permissive relief Petitioner seeks from this Court, numerous facts remain that are relevant to whether the proceedings in Mexico are entitled to recognition in the first place. In addition, Petitioner's own conduct, and that of Perforadora and Integradora, are relevant to whether granting recognition violates U.S. public policy or amount to bad faith.

Finally, Petitioner misreads the parties' correspondence. AMA did not represent that it would withdraw the deposition notices if the parties agreed to a stipulation postponing the May 2 hearing. AMA merely stated that it was noticing depositions for April 30 and May 1 in case the hearing would proceed on the next day. If the hearing was deferred to May 14, there would be no reason to schedule the depositions for those proposed dates and AMA would work with Petitioner to find mutually acceptable dates in advance of the deadline to file opposition papers—which AMA has done.

The depositions should continue unabated. Nothing prevents Petitioner's counsel from raising relevance objections during the depositions, and your Honor may adjudicate those objections at the May 14 hearing.

Respectfully submitted,

Aidan Synnott