**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PERFORADORA ORO NEGRO,<br>S. DE R.L. DE C.V., *et al.*<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-11094 (SCC)<br>(Jointly Administered) |

**ORDER GRANTING IN PART AND DENYING IN PART THE (I) FOREIGN REPRESENTATIVE'S REQUEST FOR DISCRETIONARY RELIEF PURSUANT TO 11 U.S.C. § 1521(a) AND (II) MOTION BY THE INTERESTED PARTIES PURSUANT TO SECTION 1522(b) OF THE BANKRUPTCY CODE FOR AN ORDER IMPOSING APPROPRIATE CONDITIONS ON OPERATION OF THE DEBTORS' BUSINESS OR ALTERNATIVELY, GRANTING ADEQUATE PROTECTION**

This matter comes before the Court on (1) the request of Alonso Del Val-Echeverria, in his capacity as Foreign Representative (the "Foreign Representative") of Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. ("Integradora Oro Negro") and Perforadora Oro Negro, S. de R.L. de C.V. ("Perforadora Oro Negro," and together with Integradora Oro Negro, the "Debtors"), for discretionary relief pursuant to 11 U.S.C. § 1521(a) as set forth in the *Verified Petitions for Recognition of Foreign Main Proceeding and Granting Discretionary Relief* [ECF 2] (the "Petitions") and the *Expedited Motion of Foreign Representative for (I) Provisional Relief Pursuant to Bankruptcy Code Sections 1519(a) and 362(a) and Additional Relief Pursuant to Bankruptcy Code Section 1521; and (II) Leave to Conduct Discovery Pursuant to Bankruptcy Code Sections 105(a), 1521(a)(4) and Federal Rule of Bankruptcy Procedure 2004* [ECF 16] (the "Discovery Motion") (together, the "Foreign Representative's Motions");[1] and (2) the requests by the Interested Parties for imposition of appropriate conditions and sufficient and adequate

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Foreign Representative's Motions.

07911-00001/10254560.2

protection of their interests pursuant to section 1522 of the Bankruptcy Code as set forth in the *Motion by the Interested Parties Pursuant to Section 1522(b) of the Bankruptcy Code for an Order Imposing Appropriate Conditions on Operation of the Debtors' Business or Alternatively, Granting Adequate Protection* [ECF 65] (the "Section 1522 Motion," and together with the Foreign Representative's Motions, the "Motions");

Upon the Court's review and consideration of the Motions and accompanying declarations; and the Court having considered the (1) *Objection of the Singapore Vessel Owners and Certain Other Interested Parties to Mexican Entities' Requested Recognition of Foreign Proceeding and Related Relief* [ECF 39]; (2) *Preliminary Objection of SeaMex Ltd. to the Expedited Motion of the Purported Foreign Representative of the Oro Negro Entities for Leave to Conduct Discovery* [ECF 42]; (3) *Objection and Joinder of Petróleos Mexicanos to Oro Negro Entities' Requested (I) Recognition of Foreign Proceeding and (II) Discretionary Relief* [ECF 36]; (4) *Omnibus Reply to Objections by Alterna Capital Partners, LLC, AMA Capital Partners, LLC, Oro Negro Decus Pte. Ltd, Oro Negro Fortius Pte. Ltd., Oro Negro Impetus Pte. Ltd., Oro Negro Laurus Pte. Ltd., Oro Negro Primus Pte. Ltd., Petróleos Mexicanos and its Affiliates, and SeaMex Ltd.* [ECF 44]; (5) *Supplemental Objection of the Interested Parties to Foreign Representative's Request for Discretionary Relief and Leave to Conduct Discovery Pursuant to Sections 105(a) and 1521 of the Bankruptcy Code* [ECF 68]; (6) *Supplemental Objection of SeaMex Ltd. to the Motion of the Foreign Representative of the Oro Negro Entities for Leave to Conduct Discovery and Response to the Foreign Representative's Reply to SeaMex's Preliminary Objection* [ECF 70]; and (7) *Supplemental Objection of Petróleos Mexicanos to the Foreign Representative's Motion for Discretionary Provisional Relief* [ECF 67]; and (8) *Omnibus Reply to Objections by Alterna Capital Partners, LLC, AMA Capital Partners, LLC, Oro Negro Decus Pte. Ltd, Oro Negro*

2

*Fortius Pte. Ltd., Oro Negro Impetus Pte. Ltd., Oro Negro Laurus Pte. Ltd., Oro Negro Primus Pte. Ltd., Petróleos Mexicanos and its Affiliates, and SeaMex Ltd.* [ECF 75], and having considered the (1) *Foreign Representative's Opposition to Motion by the Interested Parties Pursuant to Section 1522(b) of the Bankruptcy Code for an Order Imposing Appropriate Conditions on Operation of the Debtors' Business or Alternatively, Granting Adequate Protection* [ECF 69]; and (2) *Reply to Foreign Representative's Opposition to Motion by the Interested Parties Pursuant to Section 1522(b) of the Bankruptcy Code for an Order Imposing Appropriate Conditions on Operation of the Debtors' Business or Alternatively, Granting Adequate Protection* [ECF 77]; and

The Court having entered the *Order Granting Recognition of Foreign Main Proceeding* [ECF 54] on May 17, 2018; and

The Court having held an evidentiary hearing (the "Hearing") on June 27, 2018 and heard the arguments presented and the evidence submitted at the Hearing; and appropriate and timely notice of the filing of the Motions and the Hearing thereon having been given by the Foreign Representative and the Interested Parties; and such notice having been adequate and sufficient for all purposes; the Court makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1501;

2. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. §§ 1410(a)(1) and (3);

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

4. The Foreign Representative is entitled to certain of the relief requested in the Foreign Representative's Motions as set forth herein.

**NOW, THEREFORE, IT IS HEREBY**

ORDERED, that the Motions are granted in part, solely to the extent and as set forth herein; and it is further

ORDERED, that the Objections are overruled in part and sustained in part, as set forth herein; and it is further

ORDERED, that the October 5, 2017 [ECF 3-24], October 11, 2017 [ECF 3-26], October 31, 2017 [ECF 3-30], and December 29, 2017 [ECF 3-28] orders issued by the *Concurso* Court (as each such order has been amended, modified, superseded, vacated and/or stayed by the *Concurso* Court and/or by any other court of competent jurisdiction through the date of this Order) (the "*Concurso* Orders"), are recognized, granted comity and entitled to full force and effect in accordance with their terms to the extent the Concurso Orders and/or any injunctions contained therein are not stayed and solely with respect to persons or property over whom/which this Court has jurisdiction; and it is further

ORDERED, that because the *Concurso* Orders as they relate to Petróleos Mexicanos and its affiliates (collectively, "Pemex") are currently stayed, notwithstanding any other provisions of this Order, the rights of all parties are reserved in the event the status of such orders as they relate to Pemex changes such that the Foreign Representative believes they become presently valid and effective, in which case the Foreign Representative shall provide written notice to Pemex; and it is further

ORDERED, that, subject to the preservation of all rights, objections, and defenses, including whether this Court has jurisdiction over a Discovery Target (as defined below), the Foreign Representative is hereby authorized to take discovery, pursuant to Bankruptcy Code section 1521(a)(4) and Bankruptcy Rule 2004, from (1) AMA Capital Partners, LLC ("AMA");

(2) Deutsche Bank Americas Holding, Corp. ("Deutsche Americas"); (3) Deutsche Bank México, S.A., Institución de Banca Múltiple ("Deutsche México," and together with Deutsche Americas, "Deutsche Bank"); (4) Alterna Capital Partners, LLC ("Alterna"); (5) Asia Research & Capital Management, Ltd. ("ARCM"); (6) CQS, LLP ("CQS"); (7) Maritime Finance Company, Ltd. ("Maritime Finance"); and (8) Ship Finance International, Ltd. ("Ship Finance," and together with AMA, Deutsche Bank, Alterna, ARCM, CQS and Maritime Finance, each a "Discovery Target"), including by propounding subpoenas or requests for production of documents, communications, and things, as applicable (a "Discovery Request"); and it is further

ORDERED, that all Discovery Requests shall be limited to the following topics: (1) communications by, between or received by a Discovery Target concerning any actual or attempted modification, suspension, valuation, amendment, assignment, transfer, or purported, attempted or actual replacement for, alternative to, or termination of the Pemex Contracts; (2) communications by, between or received by a Discovery Target concerning the purported seizure of the Jack-Up Rigs; (3) communications by, between or received by a Discovery Target concerning the taking and distribution of any amounts in (a) the Mexican Trust, including the $23 million that Deutsche México transferred from the Mexican Trust to Nordic Trustee (the "$23 Million Distribution"); and (b) the Singapore Entities' Accounts; (4) communications by, between or received by a Discovery Target concerning any potential interest in or benefit to SeaMex Ltd. from the termination of the Pemex Contracts; and (5) communications by, between or received by a Discovery Target concerning any efforts to market, including for sale, redeployment, or repurposing, as well as any valuations of, Oro Negro Drilling Pte. Ltd., as well as its shares or other assets, including but not limited to the Jack-Up Rigs. All Discovery Requests shall be limited to the time period from March 1, 2017 to April 20, 2018; and it is further

ORDERED, that, subject to the preservation of all rights, objections, and defenses, each Discovery Target shall provide written responses within twenty-one (21) days of the date on which the Discovery Requests are served and, subject to the Foreign Representative and Interested Parties negotiating an appropriate protective order, shall begin producing responsive documents, if any, within forty-five (45) days of the date on which the Discovery Requests are properly served, to the attention of Scott C. Shelley of Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010, or at such other place and time as may be agreed upon by counsel for the Foreign Representative and the party served. For avoidance of doubt, any and all objections and defenses to any Discovery Request, including with respect to jurisdiction, are preserved; and it is further

ORDERED, that this Order is without prejudice to the rights of the Foreign Representative to request additional discovery, including examinations, in connection with this matter, whether or not based on any information that may be revealed as a result of the discovery authorized pursuant to this Order; and it is further

ORDERED, that the Foreign Representative's request to take discovery pursuant to Bankruptcy Code section 1521(a)(4) and Bankruptcy Rule 2004 from Pemex is DENIED without prejudice to the Foreign Representative's right to renew its request; and it is further

ORDERED, that the Foreign Representative's request to take discovery pursuant to Bankruptcy Code section 1521(a)(4) and Bankruptcy Rule 2004 from SeaMex Ltd. is DENIED without prejudice to the Foreign Representative's right to renew its request; and it is further

ORDERED, that the Foreign Representative's request for the administration and realization of any and all of the Debtors' assets within the territorial jurisdiction of the United States, in accordance with Bankruptcy Code section 1521(a)(5), is DENIED without prejudice to

the Foreign Representative's right to petition the Court at a later date for administration and realization of assets the Foreign Representative may identify in the future, and to request expedited consideration thereof; and it is further

ORDERED, that the Interested Parties' request for the imposition of a $600 million bond is DENIED; and it is further

ORDERED, that the Interested Parties' request for discovery is DENIED; and it is further

ORDERED, that the Foreign Representative shall provide the Interested Parties with current certificates of insurance evidencing that the Jack-Up Rigs are adequately insured; and it is further

ORDERED, that the Interested Parties and the Foreign Representative shall continue to engage in good faith negotiations concerning terms and conditions on which the Interested Parties can receive reasonable access to the Jack-Up Rigs; and it is further

ORDERED, that the Foreign Representative will provide updates in the form of filings on the docket of this Court as and when new orders are entered in any of the pending proceedings in Mexico, Singapore, or any other court that is not this Court; provided, however, that any such update shall be without prejudice to any party and shall not be treated as an admission, agreement, or acknowledgment by any party of any characterization, translation, or other statement concerning such orders; and it is further

ORDERED, that the Foreign Representative is authorized and empowered to take any and all actions necessary to implement the terms of this Order; and it is further

ORDERED, that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment, modification or implementation of this Order, and all requests for any additional relief in this Chapter 15 case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED, that the Foreign Representative shall serve notice of this Order by email or U.S. mail, first class postage prepaid, on or before July 13, 2018, upon the known creditors and entities upon which discretionary relief has been sought; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
       July 11, 2018

                                                /S/ Shelley C. Chapman
                                      United States Bankruptcy Judge