**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                             :    Chapter 15
In re:                                                       :
                                                             :    Case No. 18-11094(SCC)
PERFORADORA ORO NEGRO, S. DE R.L.                            :
DE C.V., *et al*.,                                           :    (Jointly Administered)
                                                             :
Debtors in a Foreign Proceeding.                             :
                                                             :
------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF SEADRILL LIMITED'S MOTION TO QUASH 30(b)(6) SUBPOENA

**WILK AUSLANDER LLP**
Jay S. Auslander
Natalie Shkolnik
Julie Cilia
Eloy A. Peral
1515 Broadway, 43rd Floor
New York, New York 10036

*Counsel for Seadrill Limited*

01078808.3

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 3

    I.   FACTUAL HISTORY ................................................................................................... 3

        A.  The Subpoena .................................................................................................... 3

        B.  Seadrill's Representatives ................................................................................. 4

    II.  PROCEDURAL HISTORY ........................................................................................... 4

ARGUMENT ................................................................................................................................ 5

    I.   RULE 45 PROHIBITS FORCING A NON-PARTY TO TESTIFY AT A DEPOSITION OUTSIDE OF THE 100-MILE TERRITORIAL LIMITATION ................................................................................................................. 5

    II.  NO SEADRILL EMPLOYEE RESIDES, IS EMPLOYED, OR REGULARLY TRANSACTS BUSINESS WITHIN 100 MILES OF THE DEPOSITION SITE ........ 6

    III. SEADRILL HAS NO OBLIGATION TO EDUCATE INDIVIDUALS LACKING KNOWLEDGE OF THE DEPOSITION TOPICS WHO ARE LOCATED WITHIN THE TERRITORIAL LIMITS OF RULE 45 ........................................................... 7

CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*,
　No. 13-CV-6326 TPG, 2015 WL 728463 (S.D.N.Y. 2015) ................................................. 6, 7

*Estate of Klieman v. Palestinian Auth.*,
　293 F.R.D. 235 (D.D.C. 2013) .......................................................................................... 6, 8, 9

*NML Capital Ltd. v. Republic of Argentina*,
　No. 2:14-CV-492-RFB-VCF, 2014 WL 3898021 (D. Nev. Aug. 11, 2014) ..................... 10, 11

*Price Waterhouse LLP v. First Am. Corp.*,
　182 F.R.D. 56 (S.D.N.Y.1998) ..................................................................................... 5, 6, 7, 9

*RP Family, Inc. v. Commonwealth Land Title Ins. Co.*,
　2011 WL 6020154 (E.D.N.Y. Nov. 30, 2011) ......................................................................... 9

*Sokolow v. Palestine Liberation Org.*,
　No. 04 Civ. 397, 2012 WL 3871380 (S.D.N.Y. Sept. 6, 2012) ................................................ 9

*Twentieth Century Fox Film Corp., v. Marvel Enter., Inc.*,
　No. 01 Civ. 3016, 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002) ........................................... 7, 8

*Wultz v. Bank of China Ltd.*,
　293 F.R.D. 677 (S.D.N.Y. 2013) .......................................................................... 6, 8, 10, 12

*Wultz v. Bank of China Ltd.*,
　298 F.R.D. 91 (S.D.N.Y. 2014) .......................................................................................10, 11

**Other Authorities**

Federal Rule of Bankruptcy Procedure 7030 ................................................................................. 1

Federal Rule of Bankruptcy Procedure 9016 ................................................................................. 1

Federal Rule of Civil Procedure 30(b)(6) ............................................................................. *passim*

Federal Rule of Civil Procedure 45(d)(3)(A) ................................................................................. 1

Federal Rule of Civil Procedure Rule 45(c) ........................................................................ *passim*

Federal Rule of Civil Procedure Rule 45(c)(1)(A) ........................................................................ 5

Federal Rule of Civil Procedure Rule 45(c)(3)(A)(ii) ................................................................... 5

Seadrill Limited ("Seadrill"), by its attorneys, Wilk Auslander LLP, hereby submits this memorandum of law, with the accompanying declarations of Natalie Shkolnik, dated February 21, 2019 (the "Shkolnik Declaration"), Scott D. Vogel, dated February 18, 2019 (the "Vogel Declaration"), Eugene I. Davis, dated February 18, 2019 (the "Davis Declaration"), and Victoria Penrice, dated February 20, 2019 (the "Penrice Declaration"), in support of its motion, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016, to quash the subpoena, dated November 14, 2018, served by Alonso Del Val Echeverria, the Foreign Representative for Perforadora Oro Negro, S. de R.L. de C.V. and Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. (the "Subpoena"), to the extent the Subpoena calls for the deposition of Seadrill pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7030.

**PRELIMINARY STATEMENT**

This Court must quash any subpoena that directs a non-party deponent to testify beyond 100 miles of where he or she resides, is employed, or regularly conducts business in person. That requirement is set forth in Federal Rule of Civil Procedure ("Rule") 45(c), and it indisputably applies to Rule 30(b)(6) witnesses.

Here, the Foreign Representative has served a subpoena on Seadrill that seeks the deposition of a Rule 30(b)(6) witness in New York City. Seadrill's headquarters are in Bermuda and its corporate head office is in London, however, and it has no employees who reside, are employed, or regularly conduct business within 100 miles of New York City.

While two members of Seadrill's board of directors are located within 100 miles of New York City, they are not appropriate witnesses: Both of those individuals: (i) are independent,

01078808.3

outside, non-executive directors who have no involvement in Seadrill's day-to-day management or operations; (ii) were not appointed to the board of directors until July 2018, well after the events at issue in this action; (iii) had no involvement with or connection to Seadrill prior to their appointment; and (iv) have no knowledge whatsoever concerning the underlying facts or the examination topics set forth in the Subpoena.

This motion therefore presents the Court with a very narrow issue: Must a Court quash a Rule 30(b)(6) subpoena served on a non-party where the only corporate representatives located within 100 miles of the deposition site are independent members of the company's board of directors, appointed well after the events at issue, with no knowledge whatsoever of the pertinent facts?

An extensive body of case law demonstrates that the answer is yes. In this and other jurisdictions, courts overwhelmingly hold that a subpoena must be quashed under Rule 45(c) where the only corporate representatives located inside the forum lack pertinent knowledge. While the Foreign Representative has taken the position that his Subpoena is permissible because a company generally must educate its Rule 30(b)(6) witness where that individual does not have personal knowledge about a given topic, that general rule has no application here: where no corporate representative with personal knowledge is located within 100 miles of the deposition site, the company has no duty to educate some other corporate representative located within that area and force him or her to sit for a deposition on topics about which he or she is entirely unfamiliar. Rather, under well-settled law, the Court must quash the subpoena.

Moreover, quashing the Subpoena here is consistent with the very purpose of Rule 45(c), which is to protect non-parties from excessive discovery burdens. Requiring Seadrill employees who are located overseas to somehow fully educate an outside company director who does not

have even the most fundamental knowledge of the underlying facts, players, or context would present an undeniably excessive burden.

Accordingly, and for the reasons set forth in detail below, the Court must quash the Subpoena pursuant to Rule 45(c).

## BACKGROUND

**I.   FACTUAL HISTORY**

    **A. The Subpoena**

On November 13, 2018, the Court entered an order (the "Discovery Order") (Dkt 156) denying in part and granting in part the Foreign Representative's motion (the "Discovery Motion") (Dkt 111) for leave to obtain discovery against Seadrill, Fintech Advisory, Inc. ("Fintech"), and SeaMex Limited ("SeaMex"). The Court denied without prejudice the Discovery Motion with respect to SeaMex and authorized discovery against Seadrill and Fintech subject to the "preservation of all rights, objections and defenses," (Or. Page 3) and as otherwise set forth in the Discovery Order.

On November 14, 2018, the Foreign Representative served a subpoena on Seadrill, pursuant to which the Foreign Representative seeks, among other things, a deposition pursuant to FRCP 30(b)(6) of Seadrill in New York City on April 3, 2019. A copy of the Subpoena is attached to the Shkolnik Declaration as Exhibit A.

The Subpoena instructs Seadrill to designate a representative to testify about the following broad range of topics: (i) the "Debtors"; (ii) "[a]ny efforts by any Person, including, but not limited to, the Ad-Hoc Group, the Bondholders, SeaMex, Fintech or You to take over the Jack-Up Rigs or the Oro Negro Contracts"; (iii) the "Jack-Up Rigs or the Oro Negro Contracts"; (iv) "[s]elling, leasing or chartering, directly or indirectly, the Jack-Up Rigs to any Person other than Integradora Oro Negro and Perforadora Oro Negro"; (v) "[r]edeploying or repurposing,

3

through any means, the Jack-Up Rigs"; (vi) "[a]ny actual or potential interest by SeaMex, Fintech or [Seadrill] in the 2017 Proposed Pemex Amendments or the Pemex Terminations"; and (vii) "[a]ny benefit to SeaMex, Fintech or [Seadrill] from the 2017 Proposed Pemex Amendments or the Pemex Terminations." (Shkolnik Decl., Ex. A, Sch. B to Subpoena).

### B. Seadrill's Representatives

Seadrill is an international offshore drilling company, whose headquarters are in Bermuda. As set forth in the Penrice Declaration, no Seadrill employee whatsoever resides, is employed, or regularly transacts business in person within 100 miles of New York City. (Penrice Decl., ¶ 6). Indeed, Seadrill maintains no office or corporate presence within 100 miles of New York City. (*Id.* ¶ 5).

The only individuals associated with Seadrill who are located within 100 miles of New York City are two recently appointed members of Seadrill's board of directors, Scott Vogel and Eugene Davis. (*Id.* ¶ 5). As set forth in the accompanying declarations, however, Messrs. Vogel and Davis: (i) are outside, non-executive directors who have no involvement in the day-to-day operations of Seadrill; (ii) were appointed to the board of directors on July 2, 2018, well after the events at issue; (iii) had no involvement with Seadrill prior to their appointment to the board of directors; and (iv) have no knowledge whatsoever concerning the deposition topics noticed in the Subpoena. (Vogel Decl. ¶¶ 4-7; Davis Decl. ¶¶ 4-7).

## II. PROCEDURAL HISTORY

On December 20, 2018, counsel for Seadrill and the Foreign Representative participated in a meet-and-confer during which Seadrill requested that the Foreign Representative withdraw the 30(b)(6) Subpoena, given that it fails to comply with the territorial limitations set forth in FRCP 45: No Seadrill representative with any knowledge whatsoever of the deposition topics or the events at issue resides, is employed, or regularly conducts business in person within 100

4

miles of New York City, the site of the deposition. (Shkolnik Decl. ¶ 3). The Foreign Representative, however, refused to withdraw the Subpoena. (*Id.*).

On January 9, 2019, counsel participated in a conference with the Court during which the Court advised the parties to continue to discuss Seadrill's objection to the Subpoena and, absent a resolution, to move the Court to quash or compel compliance with the Subpoena (*Id.* at ¶ 4). Accordingly, counsel engaged in several telephonic and email communications concerning the Subpoena but have been unable to reach a resolution. (*Id.*).

## ARGUMENT

### I. RULE 45 PROHIBITS FORCING A NON-PARTY TO TESTIFY AT A DEPOSITION OUTSIDE OF THE 100-MILE TERRITORIAL LIMITATION

Rule 30(b)(6) provides in relevant part that a party's subpoena for deposition testimony:

> may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity… . The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf…. The persons designated must testify about information known or reasonably available to the organization.

Rule 45(c)(1)(A) provides that a subpoena may not command a non-party to attend a deposition beyond "100 miles of where the person resides, is employed, or regularly transacts business in person… ." Rule 45(c)(3)(A)(ii) further mandates that a court *must* quash or modify a subpoena if the subpoena "requires a person to comply beyond the geographical limits specified in Rule 45(c)."

These protections apply not only to subpoenas served on individuals, but also to subpoenas – like the one at issue here – directed to corporate entities pursuant to Rule 30(b)(6). *See Price Waterhouse LLP v. First Am. Corp.,* 182 F.R.D. 56, 63 (S.D.N.Y.1998) ("any contention that a subpoena served pursuant to Rule 30(b)(6) need not comply with the

5

requirements of Rule 45(c) would fly in the face of the intent of Rule 45(c) which is to protect nonparty witnesses from being inconvenienced by being compelled to travel inordinate distances to have their depositions taken") (internal citations and quotations omitted).

Thus, courts *must* quash subpoenas that call for the testimony of a non-party corporate representative who neither resides, nor is employed, nor regularly conducts business in person within the 100-mile geographical limitation set forth in Rule 45(c). *See Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, No. 13-CV-6326 TPG, 2015 WL 728463, at *4 (S.D.N.Y. 2015) (quashing 30(b)(6) subpoena where subpoenaed entity had no employees within 100 miles of the site of deposition); *Price Waterhouse LLP,* 182 F.R.D. at 63 (quashing subpoena where the knowledgeable employees of the subpoenaed party did not "reside," were not "employed," and did not "regularly transact[ ] business in person" in the court's jurisdiction and stating that it was not surprising that the subpoenaing party cited "no authority that has held that a United States court has the power to compel a nonparty witness residing overseas to attend a deposition in the United States, whether via Rule 30(b)(6) or otherwise"); *Wultz v. Bank of China Ltd.*, 293 F.R.D. 677, 679 (S.D.N.Y. 2013) ("*Wultz I*") (quashing 30(b)(6) deposition subpoena issued to non-party that was located more than 100 miles from New York, "a result plainly barred by case law"). *See also Estate of Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 239-240 (D.D.C. 2013) (a court "*must quash* a subpoena where a nonparty organization does not employ anyone *who is suitable* to serve as a 30(b)(6) representative within 100 miles of the district" given that "a contrary rule would render Rule 45(c)'s protections meaningless in the context of Rule 30(b)(6) witnesses") (emphasis added).

## II. NO SEADRILL EMPLOYEE RESIDES, IS EMPLOYED, OR REGULARLY TRANSACTS BUSINESS WITHIN 100 MILES OF THE DEPOSITION SITE

Here, the Subpoena plainly fails to comply with the geographic restrictions of Rule 45: it

6

calls for a 30(b)(6) deposition of Seadrill in New York City, even though Seadrill – which is headquartered overseas – employs no one suitable to serve as a 30(b)(6) witness within 100 miles of New York City. As set forth above and in the Penrice Declaration, no Seadrill employee whatsoever resides, is employed, or regularly transacts business in person within 100 miles of New York City. (Penrice Decl. ¶ 6).

Moreover, the individuals with knowledge of the deposition topics and events at issue are located overseas and nowhere near New York City.[1] Under Rule 45(c), Seadrill has no obligation to produce these individuals given their location, and the Subpoena must be quashed. *Hermitage Glob.*, 2015 WL 728463, at *4; *Price Waterhouse LLP,* 182 F.R.D. at 63.

### III. SEADRILL HAS NO OBLIGATION TO EDUCATE INDIVIDUALS LACKING KNOWLEDGE OF THE DEPOSITION TOPICS WHO ARE LOCATED WITHIN THE TERRITORIAL LIMITS OF RULE 45

In the discussions preceding this motion, the Foreign Representative has taken the position that Seadrill must proffer one of its two directors located within 100 miles of New York City even though neither of those two outside directors has any knowledge of the relevant facts and, indeed, had no role whatsoever at Seadrill during the relevant time period. The Foreign Representative is wrong.

#### A. Courts Routinely Refuse to Force Non-Parties to Educate Unsuitable Witnesses Where No Suitable Ones Are Located Within 100 Miles of the Deposition Site

*As a general principle*, Rule 30(b)(6) testimony represents "the knowledge of the corporation, not of the individual deponents." *Twentieth Century Fox Film Corp., v. Marvel Enter., Inc.,* No. 01 Civ. 3016, 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002) (internal

---

[1] There is no question that the geographical limitation set forth in FRCP 45 applies to the individual Rule 30(b)(6) witness, not the corporate entity. *See Hermitage Glob.*, 2015 WL 728463, at *4 ("the plain language of Rule 45(c) indicates that the court cannot compel a witness – as an individual or as a corporate representative – to travel more than 100 miles from a place of residence, employment, or regular business to testify at a deposition…regardless of where the corporate entity itself 'resides.'"); *Price Waterhouse LLP,* 182 F.R.D. at 62 ("Rule 45's goal is to prevent inconvenience to the flesh-and-blood human beings who are asked to testify, not the legal entity for whom those human beings work").

7

01078808.3

citation and quotations omitted).  Accordingly, "[i]f the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *Id.*

But there is no requirement that a corporation designate an unsuitable witness for a Rule 30(b)(6) deposition simply because he or she happens to be located within the 100-mile area set forth in Rule 45(c).  To the contrary, courts routinely quash subpoenas where the only corporate representatives located within 100 miles of the deposition site lack pertinent knowledge – the very situation we have here.

In *Wultz I*, for example, the Court rejected the same argument the Foreign Representative makes here: Bank of China served a Rule 30(b)(6) subpoena on non-party Bank Hapoalim, which moved to quash given that (i) all of the individuals with knowledge of the deposition topics were located in Israel and (ii) the employees located in New York had no personal knowledge of or involvement in the events at issue.  *Wultz I*, 293 F.R.D. at 680-682.  Bank of China opposed the motion, arguing that Bank Hapoalim had to educate an employee based in New York for the deposition.  The court quashed the subpoena, holding that educating an individual located in New York would place an undue burden on Bank Hapoalim; it "would be unreasonable to expect Hapoalim's employees with knowledge of these areas to educate an individual in New York who has no knowledge about them whatsoever" and "the only cases that have dealt with this question of which this Court is aware have uniformly quashed subpoenas in these circumstances." *Id.* at 681.

Similarly, in *Estate of Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 239–40 (D.D.C. 2013), the Court quashed a 30(b)(6) subpoena served on the British Broadcasting Corporation's

8

("BBC") Washington D.C. bureau where the BBC had represented that no Washington D.C. employee had any knowledge of the deposition topics and the only knowledgeable employees were based in the United Kingdom. Rejecting the argument that the BBC was obligated to educate a Washington D.C.-based employee for the deposition, the court held: "under Rule 45 this Court must quash a subpoena where a nonparty organization does not employ anyone who is suitable to serve as a Rule 30(b)(6) representative within 100 miles of the district." *Id.* at 239. Acknowledging the burden that would be required to fully educate such a deponent, the court concluded that "[a] contrary rule would render Rule 45(c)'s protections meaningless in the context of Rule 30(b)(6) witnesses." *Id.* at 240.

Numerous other courts have reached the same conclusion. *See*, *e.g.*, *Sokolow v. Palestine Liberation Org.,* No. 04 Civ. 397, 2012 WL 3871380, at *4 (S.D.N.Y. Sept. 6, 2012) (on very similar facts, denying request to require deposition where only knowledgeable witnesses resided in United Kingdom); *Price Waterhouse LLP,* 182 F.R.D. at 64 (quashing subpoena where the knowledgeable employees of the subpoenaed party did not "reside," were not "employed," and did not "regularly transact[ ] business in person" in the court's jurisdiction); *RP Family, Inc. v. Commonwealth Land Title Ins. Co.,* 2011 WL 6020154, at *4 (E.D.N.Y. Nov. 30, 2011) (quashing subpoena to witness designated pursuant to Rule 30(b)(6) outside territorial limit where "the individual who has been selected as the 30(b)(6) witness to answer these questions appears to be the most competent" and "there appears to be no comparable employee located in New York with the requisite knowledge necessary to answer the questions at issue").

In fact, we have located only two outlier decisions in which courts declined to quash subpoenas where employees within the forum could be educated for a deposition. Those decisions are not only against the overwhelming weight of authority, but they are also factually

9

01078808.3

inapposite for the reasons set forth below.

In *Wultz v. Bank of China Ltd.*, 298 F.R.D. 91 (S.D.N.Y. 2014) ("*Wultz II*"), the court permitted the subpoenaing party to compel a corporation to educate an employee within the territorial jurisdiction of the issuing court as long as doing so would not present an undue burden on the subpoenaing party. *Wultz II*, 298 F.R.D. at 100. Expressly noting that "nothing in this Opinion and Order represents a finding with respect to [Magistrate] Jude Gorenstein's [*Wultz I*] ruling," *id.* at 94, the court concluded that educating a New York-based employee about deposition topics would not be unduly burdensome after the subpoenaing party had significantly narrowed the deposition topics and described them with further particularity. *Id.* at 94, 98, 99.

Here, by contrast, it would be unduly burdensome to attempt to educate an outside director with no knowledge of, or involvement in, the underlying facts about the wide-ranging topics set forth in the Subpoena, such as: the "Debtors"; communications, corporate decision-making, and strategies concerning efforts by any person or entity, including "the Ad-Hoc Group, the Bondholders, Seamex, and Fintech, or Seadrill," in connection with the "Jack-Up Rigs or the Oro Negro Contracts"; the "Jack-Up Rigs" and "Oro Negro Contracts" themselves; and potential interest by Seadrill, Seamex, or Fintech in the "2017 Proposed Pemex Amendments or the Pemex Terminations." (Shkolnik Decl., Ex. A, Sch. B to Subpoena).

Moreover, this Court should not give weight to *Wultz II*, because (i) *Wultz II* cites not to a single case, *see* 289 F.R.D. at 99, and (ii) it fails to address *any* of the multitude of cases holding that a court must quash a subpoena under similar circumstances. Indeed, Seadrill is aware of only one case that has adopted – and even there, only in *dicta* – the *Wultz II* holding: In *NML Capital Ltd. v. Republic of Argentina*, No. 2:14-CV-492-RFB-VCF, 2014 WL 3898021(D. Nev. Aug. 11, 2014), the court granted a judgment creditor's motion to compel a 30(b)(6) deposition

10

of certain shell corporations maintained by the judgment debtor, despite the subpoenaed parties' having no employees within Rule 45's 100-mile limitation. Like *Wultz II*, the *NML Capital* Court cites not a single authority (other than *Wultz II*), for the proposition that a subpoenaed party can be required to educate an in-forum employee with no relevant knowledge or information to appear as a 30(b)(6) deponent. *NML Capital*, 2014 WL 3898021 at *10.[2]

In addition, *NML Capital* is easily distinguishable because the subpoenaed entities were shell corporations whose very purpose was to facilitate fraud – indeed, the *NML Capital* court itself distinguished its opinion on this basis, *id.* at 12 ("Every opinion cited by the corporations regarding Rule 45's 100–mile limit is distinguishable from this matter because none of the cited opinions involve shell corporations. The fact that the subpoenaed entities are shell corporations cannot be overlooked."). What is more, the shell corporations repeatedly sought to frustrate court processes. *See* 2014 WL 3898021 at *11-12. Also unlike this case, the subpoenaed corporations in *NML Capital* were incorporated within the Court's jurisdiction, whereas here Seadrill is not incorporated in New York. Nor are any of the other prerequisites on which the *NML Capital* Court based its decision present here: there is no "meritorious Rule 69 discovery request"; no "substantial nexus among the subpoenaed nonparty, resident shell corporations, and property subject to the judgment"; no "stipulation to mitigate costs"; and no showing by the Foreign Representative that "the particular testimony … is necessary in the interest of justice and … impossible to obtain elsewhere."

The point is, courts in this and other jurisdictions almost uniformly hold that a court must quash a 30(b)(6) subpoena issued to a non-party where no representative with any knowledge or

---

[2] Importantly, the Court's reference to *Wultz II* is only in *dicta*, given that the Court concluded that it can order the appearance of a deponent located outside the geographic limit of FRCP 45 under the specific circumstances of that case. *NML Capital*, 2014 WL 3898021 at *12.

11

01078808.3

information concerning the events at issue resides, is employed, or regularly conducts business within 100 miles of the site of the deposition.

### B. The Court Must Quash the Subpoena

Here, only two individuals affiliated with Seadrill are located within 100 miles of the deposition site set forth in the Subpoena: Messrs. Vogel and Davis, each of whom (i) is an outside, non-executive director who has no involvement in the day-to-day operations of Seadrill; (ii) was appointed to the board of directors on July 2, 2018, well after the events at issue; (iii) had no involvement with Seadrill prior to his appointment to the board of directors; and (iv) has no knowledge whatsoever concerning the deposition topics noticed under the Subpoena. (Vogel Decl. ¶¶ 4-7; Davis Decl. ¶¶ 4-7).

Neither Mr. Vogel nor Mr. Davis is a suitable 30(b)(6) witness given that neither can speak to the topics or events regarding which the Foreign Representative seeks testimony. And attempting to educate them on these subjects would place an enormous burden on Seadrill: because Messrs. Vogel and Davis had absolutely no involvement in the events underlying the Subpoena, Seadrill would have to begin at square one. Moreover, even if Seadrill were to undertake this daunting task, it is unrealistic to expect that such after-the-fact preparation of an individual lacking any involvement in the events at issue would result in useful deposition testimony.

Prevailing law does not support the Foreign Representative's attempt to impose such an onerous, useless burden on non-party Seadrill. To the contrary, the overwhelming weight of authority requires this Court to quash the Subpoena given that it is well outside the territorial limitations set forth in FRCP 45(c). *See*, *e.g.*, *Wultz I*, 293 F.R.D. at 680-682.

12

## **CONCLUSION**

For the reasons set forth above, Seadrill respectfully requests that the Court quash the Subpoena, to the extent the Subpoena calls for a deposition of Seadrill pursuant to Federal Rule of Civil Procedure 30(b)(6).

Dated:   February 21, 2019
    New York, New York

WILK AUSLANDER LLP

By: /s/ Natalie Shkolnik__
    Jay S. Auslander
    Natalie Shkolnik
    Julie Cilia
    Eloy A. Peral
1515 Broadway
New York, New York 10036
(212) 981-2300

*Counsel for Seadrill Limited*
