UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                          :         Chapter 15

In re:                                           :         Case No. 18-11094(SCC)

PERFORADORA ORO NEGRO, S. DE R.L.   :         (Jointly Administered)
DE C.V., *et al.*,

Debtors in a Foreign Proceeding.

-------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
<u>SEADRILL LIMITED'S MOTION TO QUASH 30(b)(6) SUBPOENA</u>**

**WILK AUSLANDER LLP**
Jay S. Auslander
Natalie Shkolnik
Julie Cilia
Eloy A. Peral
1515 Broadway, 43rd Floor
New York, New York 10036

*Counsel for Seadrill Limited*

01081748

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

I.  THE PURPORTED PRESENCE OF A *FORMER* SEADRILL DIRECTOR IN
    NEW YORK IS IRRELEVANT TO WHETHER THE COURT MUST QUASH
    THE SUBPOENA PURSUANT TO RULE 45 ......................................................... 3

    A.  The Foreign Representative Proffers No Legal Authority for His Position ....... 3

    B.  The Foreign Representative Has Already Served a Subpoena on the Entity
        of Which Mr. Leand Is Currently CEO ............................................................ 6

II. CASE LAW CONTRADICTS THE FOREIGN REPRESENTATIVE'S ATTEMPT
    TO FORCE SEADRILL TO "EDUCATE" INDIVIDUALS LACKING
    PERTINENT KNOWLEDGE WHO HAPPEN TO BE IN NEW YORK .................. 6

    A.  The Cases on Which the Foreign Representative Relies Do Not Even Address
        Rule 45(c) or 45(d)(3)(A)(ii) ............................................................................ 6

    B.  The General Requirement to Educate a 30(b)(6) Deponent Does Not
        Outweigh the Substantial Body of Case Law Holding That a Subpoena Must
        Be Quashed Under Circumstances Nearly Identical to Those Here .................. 9

    C.  The Foreign Representative's Limited Effort to Distinguish Seadrill's
        Cases Fails .................................................................................................. 11

III. THE EXTRAORDINARY BURDENS THAT THE FOREIGN
     REPRESENTATIVE URGES THIS COURT TO IMPOSE ON SEADRILL
     WOULD BE CONTRARY TO THE LIMITATIONS OF SECTIONS 1521(a)(4)
     AND 1522(a) AND (b) OF THE BANKRUPTCY CODE ....................................... 13

CONCLUSION .......................................................................................................................... 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re AJW Offshore, Ltd.*,
   488 B.R. 551 (Bankr. E.D.N.Y. 2013) ............................................................................... 14

*In re ANC Rental Corp.*,
   2002 WL 34729302 (E.D.Pa. June 20, 2002) ...................................................................... 9

*In re Application of Michael Wilson & Partners*,
   2009 WL 1193874 (D. Colo. Apr. 30, 2009) ....................................................................... 7

*Burton v. Valmet, Inc.*,
   2014 WL 12617443 (E.D. Ark. Apr. 23, 2014) ................................................................... 7

*Cupp v. Edward D. Jones & Co. L.P.*,
   No. 06-CV-145-GKF-SAJ, 2007 WL 982336 (N.D. Okla. Mar. 29, 2007) ....................... 5

*In re Glitnir Banki h.f.*,
   No. 08-14757 SMB, 2011 WL 3652764 (Bankr. S.D.N.Y. Aug. 19, 2011) ..................... 13

*Goguen v. Textron Inc.*,
   476 F. Supp. 2d 5 (D. Mass. 2007) ...................................................................................... 5

*Estate of Klieman v. Palestinian Auth.*,
   293 F.R.D. 235 (D.D.C. 2013) ..................................................................................... 11, 14

*Krueger Invs., LLC v. Cardinal Health 110, Inc.*,
   No. CV 12–0618, 2012 WL 3264524 (D.Ariz. Aug. 9, 2012) ............................................ 9

*Magnivision, Inc. v. Bonneau Co.*,
   2003 WL 23320550 (C.D. Cal. Dec. 18, 2003) ................................................................... 5

*In Re Moose Enterprises Pty. Ltd.*,
   No. MC 16-53-DSF, 2016 WL 10987320 (C.D. Cal. June 2, 2016) .................................. 9

*In re Petroforte Brasileiro de Petroleo Ltda.*,
   542 B.R. 899 (Bankr. S.D. Fla. 2015) ............................................................................... 13

*In re Platinum Partners Value Arbitrage Fund L.P.*,
   583 B.R. 803 (Bankr. S.D.N.Y. 2018) ............................................................................... 14

*Price Waterhouse LLP v. First Am. Corp.*,
   182 F.R.D. 56 (S.D.N.Y.1998) ............................................................................... 8, 12, 15

01081748

*RP Family, Inc. v. Commonwealth Land Title Ins. Co.*,
  2011 WL 6020154 (E.D.N.Y. Nov. 30, 2011)................................................................12

*Sokolow v. Palestine Liberation Org.*,
  2012 WL 3871380 (S.D.N.Y. Sept. 6, 2012).............................................................11, 12

*United States v. Taylor*,
  166 F.R.D. 356 (M.D.N.C.), *aff'd,* 166 F.R.D. 367 (M.D.N.C. 1996).........................4, 5

*Wultz v. Bank of China Ltd.*,
  293 F.R.D. 677 (S.D.N.Y. 2013) ........................................................................10, 11, 12

**Statutes**

11 U.S.C. § 1522(a) .................................................................................................13, 14

11 U.S.C. § 1522(b) .......................................................................................................13

11 U.S.C. § 1521(a)(4).........................................................................................3, 13, 14

**Other Authorities**

Federal Rule of Bankruptcy Procedure 2004.................................................................13

Federal Rule of Bankruptcy Procedure 9016 ................................................................13

Federal Rule of Civil Procedure 45(c)(1) ........................................................................1

Federal Rule of Civil Procedure 26 .................................................................................7

Federal Rule of Civil Procedure 26(b)(1) ........................................................................7

Federal Rule of Civil Procedure 30(b)(6) ............................................................. *passim*

Federal Rule of Civil Procedure 45 ...................................................................... *passim*

Rule 45(c)............................................................................................................. *passim*

Rule 45(c)(1)(A) ..........................................................................................................8, 14

Rule 45(c)(2)(A) ............................................................................................................14

Rule 45(d)(1)...................................................................................................................7

01081748

Seadrill Limited ("Seadrill"), by its attorneys, Wilk Auslander LLP, hereby submits this memorandum of law in reply to the Foreign Representative's Opposition to Seadrill Limited's Motion to Quash 30(b)(6) Subpoena, filed on March 4, 2019 (the "Opposition" or "Opp.") (Dkt. 175).

## PRELIMINARY STATEMENT

Federal Rule of Civil Procedure 45(c)(1) prohibits any party from forcing a non-party deponent to testify beyond 100 miles of where he or she resides, is employed, or regularly conducts business in person. To the Foreign Representative, that federal rule is just an "antiquated" "technicality." But to federal courts, which routinely enforce it, Rule 45(c) provides an important protection to non-parties and necessitates quashing subpoenas served in violation of its territorial limitations.

Thus, as Seadrill demonstrates in its Moving Brief,[1] a long line of authority requires this Court to quash the Foreign Representative's 30(b)(6) Subpoena because Seadrill has no suitable witness located within the 100-mile area set forth in Rule 45(c). In his Opposition, the Foreign Representative attempts to circumvent this authority by urging the Court to force Seadrill either (i) to produce a former director purportedly located in New York, *who no longer holds any role at the company*, to testify on its behalf, or (ii) to "educate" for testimony one of two independent, outside directors located in New York who have no knowledge of the events in question and who did not even join Seadrill's board until after the time period relevant to the Subpoena.

As set forth in Point I, below, Rule 30(b)(6) itself as well as relevant cases directly contradict the Foreign Representative's effort to compel Seadrill to haul a *former* director in to

---

[1] "Moving Brief" or "Mov. Br." refers to Seadrill's moving brief, filed on February 21, 2019 (Dkt. 172). Unless otherwise defined herein, defined terms in this memorandum shall have the same meanings set forth in the Moving Brief.

01081748

testify on its behalf. Not surprisingly, the Foreign Representative cites to not a single case holding that the presence of a corporation's *former* director (or officer or employee) within 100 miles of the deposition site is a proper defense to a motion to quash a subpoena based on Rule 45's territorial limitations. Nor does the Foreign Representative identify even one case that compels even a *party* to designate a former director (or officer or employee) to serve as its 30(b)(6) designee. Nor does the Foreign Representative begin to claim that Seadrill *could* cause its former director to testify on its behalf. And the Foreign Representative's attempt to require Seadrill to produce its former director is particularly unjustified given that the Foreign Representative has already served a separate 30(b)(6) subpoena on the entity that currently employs that very individual.

As set forth in Point II, below, the Foreign Representative's argument that this Court should compel Seadrill to educate and present for testimony one of two individuals who happen to be in New York, despite their utter lack of knowledge and involvement in the events at issue, is equally flawed. As Seadrill demonstrates in its Moving Brief, the overwhelming weight of authority holds that, where a subpoena recipient has no suitable witness within 100 miles of the deposition site, that subpoena must be quashed; courts refuse to impose on non-parties the extraordinary burden of attempting to prepare unsuitable witnesses to testify simply because those individuals are within Rule 45's geographic limits.

The Foreign Representative's response – that educating outside directors who have no familiarity with the underlying facts would cause no undue burden to Seadrill – improperly relies on wholly inapposite cases *that do not even address Rule 45(c)*, let alone support his position. Indeed, the sole case involving Rule 45(c) on which the Foreign Representative relies is an outlier that *Seadrill* identified – and distinguished – in its Moving Brief. And the Foreign

2

01081748

Representative's futile attempts to distinguish Seadrill's cases based on meaningless distinctions, such as that one of the cases "involve[s] subpoenas to British Broadcasting Corporation ('BBC'), one of the largest media outlets in the world," only underscores the weakness of his position.

As set forth in Point III, below, the extraordinary burdens that the Foreign Representative seeks to impose on Seadrill – having to produce a former director for testimony on its behalf or else a current outside director with no knowledge of pertinent facts – contradict not only case after case after case involving Rule 45 motions, but also the bankruptcy courts' emphasis on minimizing the burden on entities who are the subject of Section 1521(a)(4) discovery. That the Foreign Representative chose to serve its Subpoena on Seadrill in a Chapter 15 proceeding in New York, despite Seadrill's lack of any corporate presence here, does not obligate Seadrill to jump through time-consuming, expensive, impossible hoops.

In support of its motion to quash, *Seadrill* points to multiple cases with fact patterns nearly identical to this case, all of which apply Rule 45 to quash the subpoenas at issue. The Foreign Representative, by contrast, relies on inflammatory accusations of conspiracy and case law that have nothing to do with Rule 45(c). Those are irrelevant distractions from the only question before the Court on this motion: whether the Subpoena violates the territorial restrictions of Rule 45. It does, and the Court therefore must quash it.

## ARGUMENT

I. **THE PURPORTED PRESENCE OF A *FORMER* SEADRILL DIRECTOR IN NEW YORK IS IRRELEVANT TO WHETHER THE COURT MUST QUASH THE SUBPOENA PURSUANT TO RULE 45**

### A. The Foreign Representative Proffers No Legal Authority for His Position

The Foreign Representative argues that the 100-mile limitation in Rule 45 is no reason to quash the Rule 30(b)(6) subpoena because Paul Leand is allegedly located in New York. (Opp. at 8). Rule 30(b)(6), however, contemplates corporate designation of "one or more officers,

3

01081748

directors, or managing agents, or ... other persons who consent to testify on [the corporation's] behalf." Mr. Leand is none of these: it is undisputed that he is a *former* Seadrill director, not a current one. Nor does the Foreign Representative even argue, much less demonstrate, that Mr. Leand consents to testify on Seadrill's behalf or that Seadrill has the ability to compel him to do so. Given that Mr. Leand is not an appropriate Rule 30(b)(6) designee, his presence within the 100-mile radius is irrelevant to the question before the Court: whether to quash the deposition Subpoena directed to non-party Seadrill where it has no suitable 30(b)(6) witness within that area.

Tellingly, the Foreign Representative cites to not a single case in support of his argument that this Court ought to compel Seadrill to produce a *former* director in an attempt to transform his subpoena into one compliant with Rule 45; not one of the cases on which he relies holds that the presence of a *former* officer, director, or employee within the 100-mile limit of Rule 45 satisfies that Rule's territorial requirement. Instead, he relies entirely on cases that do not involve non-parties or *that do not even mention Rule 45*. Moreover, even in those inapposite cases, the courts did not force parties to provide 30(b)(6) testimony by *former* officers, directors, or employees – contrary to the Foreign Representative's contention. (Opp. at 8).

For example, the Foreign Representative cites *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996) (cited in Opp. at 8), in which the defendant sought permission to make arguments at trial concerning certain topics for which it had not designated a 30(b)(6) witness, given that none of its current corporate representatives remembered the events at issue. *Taylor*, 166 F.R.D. at 360. While the court refused the defendant's request, it did not compel the defendant to designate a former employee or director as a 30(b)(6) deponent; to the contrary, the court expressly held that "UCC may choose not to

4

01081748

designate a deponent to testify at its Rule 30(b)(6) deposition on one or more particular areas of inquiry...." *Id.* at 365. The court went on to rule that the defendant would not be allowed to introduce evidence at trial on topics for which it had provided no designee unless the defendant showed "extremely good cause." *Id.* at 365, 369.

*Magnivision, Inc. v. Bonneau Co.*, 2003 WL 23320550 (C.D. Cal. Dec. 18, 2003) (cited in Opp. at 8-9) is equally inapposite: First, the issue before the *Magnivision* court – whether communications between the defendant's counsel and two former employees the defendant had designated as 30(b)(6) witnesses were protected attorney work product – is *entirely* unrelated to the one before this Court. 2003 WL 23320550, at *1. Nor did the *Magnivision* court compel the defendant to designate former employees as its 30(b)(6) witnesses, as the Foreign Representative suggests (Opp. at 8-9): rather, the defendant did so *voluntarily*.

And in *Cupp v. Edward D. Jones & Co. L.P.*, No. 06-CV-145-GKF-SAJ, 2007 WL 982336 (N.D. Okla. Mar. 29, 2007) (cited in Opp. at 9), the court merely held that the defendant – *not* a non-party – was required to make a good faith effort to locate a specific former employee so that the plaintiff would have an opportunity to depose him. *Cupp*, 2007 WL 982336, at *2. Importantly, the basis of the court's ruling was that the deposition topics related to "the mindset and thought processes of" that particular former employee and, therefore, the "inquiry would be more effective and efficient if directed to [the former employee] rather than a current employee of Defendant." *Id.*

The Foreign Representative's similar reliance on *Goguen v. Textron Inc.*, 476 F. Supp. 2d 5 (D. Mass. 2007) (cited in Opp. at 9) fares no better: *Goguen* does not even involve a discovery motion; the court merely notes, in its denial of summary judgment in a products liability case, that the defendant had identified two former employees as its 30(b)(6) witnesses. *Goguen*, 476

5

F. Supp. 2d at 10. Rule 45's territorial limit was not at issue and the court did not order defendant to produce the witnesses from beyond the ambit of the rule.

### B. The Foreign Representative Has Already Served a Subpoena on the Entity of Which Mr. Leand Is Currently CEO

The Foreign Representative's attempt to force Seadrill to produce a *former* director to testify on its behalf (Mr. Leand), is particularly unjustified given that the Foreign Representative has already separately served a 30(b)(6) subpoena on the entity that *currently* employs him: As the Foreign Representative readily admits, Mr. Leand is *currently* the CEO of AMA Capital Partners LLC, the Ad-Hoc Group's financial advisor; indisputably, the Foreign Representative served AMA Capital Partners LLC and Mr. Leand personally with subpoenas.. *See Amended Response of the Interested Parties to Foreign Representative's Omnibus Discovery Motion*, Dkt. 132-2, ¶ 2.

For all of the reasons set forth above, Mr. Leand's alleged presence in New York cannot serve to protect the Subpoena from its violation of the territorial limitations set forth in Rule 45.

## II. CASE LAW CONTRADICTS THE FOREIGN REPRESENTATIVE'S ATTEMPT TO FORCE SEADRILL TO "EDUCATE" INDIVIDUALS LACKING PERTINENT KNOWLEDGE WHO HAPPEN TO BE IN NEW YORK

### A. The Cases on Which the Foreign Representative Relies Do Not Even Address Rule 45(c) or 45(d)(3)(A)(ii)

In its Moving Brief, Seadrill demonstrates that a long line of binding precedent requires the Court to quash the Subpoena pursuant to Rule 45 given that the only corporate representatives located within 100 miles of the deposition site are independent, non-executive directors, appointed well after the events at issue, with no knowledge whatsoever of the pertinent facts and no involvement with Seadrill before being appointed to the board of directors. Opp. at 11-14; (Vogel Decl. ¶¶ 4-7 (Dkt. 172-5; Davis Decl. ¶¶ 4-7 (Dkt. 172-4)).

6

In response, the Foreign Representative claims that his Subpoena does not violate Rule 45, because "abundant" authority establishes that it would not be unduly burdensome for Seadrill to be forced to educate those directors (Opp. at 11), who (unlike Seadrill itself) happen to be located in the New York area. The Foreign Representative relies on 12 cases, but they are all inapplicable: *not one of them* even mentions Rule 45(c) or 45(d)(3)(A)(ii), the very Rules that require the Court to quash the Subpoena, let alone supports the position the Foreign Representative takes here.

The vast majority (10 of the Foreign Representative's 12 cases) are also distinguishable because they involve parties – not non-parties like Seadrill.[2] Far from holding that a court may force a non-party with no suitable witness located within 100 miles of the deposition site to essentially create a witness from whomever happens to be located within that area – as the Foreign Representative urges the Court to do here – these cases have nothing to do with subpoenas or Rule 45 territorial limitations; they address Rule 30(b)(6) only. But the Foreign Representative is ignoring that Rule 30(b)(6) does not operate in a vacuum; it is well established that Rule 45(c) limits Rule 30(b)(6), as set forth below.

Indeed, courts have expressly rejected the position that the Foreign Representative takes here. In *Estate of Kleiman*, the subpoenaing party contended that "if the BBC does not have a knowledgeable custodian of records representative in Washington...the BBC is required to *create* a witness or witnesses located within 100 miles of this Court with responsive knowledge." 293 F.R.D at 239 (emphasis in original). The court disagreed, holding that it *"must*

---

[2] The only two cases that involve non-parties (and any mention of Rule 45) are indisputably contrary. *In re Application of Michael Wilson & Partners*, 2009 WL 1193874 (D. Colo. Apr. 30, 2009) cites to Rule 45 only to explain that it incorporates the limitations of Rule 26(b)(1). In *Burton v. Valmet, Inc.*, 2014 WL 12617443 (E.D. Ark. Apr. 23, 2014), the court held that a party's 30(b)(6) subpoena to a non-party was within the scope of Rule 26 and did not run afoul of Rule 45(d)(1). Neither case contains any discussion of the 100-mile limit of Rule 45, nor any mention whatsoever of Rule 45(c). In fact, in *In re Wilson*, the court held that "[d]iscovery from third-parties must, under most circumstances, be closely regulated." 2009 WL 1193874, at *3.

7

*quash* a subpoena where a nonparty organization does not employ anyone *who is suitable* to serve as a 30(b)(6) representative within 100 miles of the district" given that "a contrary rule would render Rule 45(c)'s protections meaningless in the context of Rule 30(b)(6) witnesses." *Id.* at 239-240 (emphasis added). The *Kleiman* court also noted that the Southern District of New York had already "correctly rejected" the same argument advanced by the subpoenaing party in *Kleiman, id.* at 239.

> Thus, in *Price Waterhouse LLP,* this Court held:
>
>> Rule 45's goal is to prevent inconvenience to the flesh-and-blood human beings who are asked to testify, not the legal entity for whom those human beings work. That the Rule focuses on the individual is supported by the fact that there is no such limitation regarding production by a nonparty of documents....
>>
>> [A]llowing a subpoena served pursuant to Rule 30(b)(6) to evade the proscriptions of Rule 45(c) would render Rule 45 surplusage and subject nonparties to the same level of burdensome discovery that can be imposed upon a party....
>>
>> In essence, any contention that a subpoena served pursuant to Rule 30(b)(6) need not comply with the requirements of Rule 45(c) would "fly in the face of the intent of Rule 45([c]) which is to 'protect nonparty witnesses from being inconvenienced by being compelled to travel inordinate distances to have their depositions taken.' "

182 F.R.D. at 63 (quoting *Stanford v. Kuwait Airlines Corp.,* No. 85 Civ. 0477, 1987 WL 26829, at *3 (S.D.N.Y. Nov. 25, 1987)).

Likewise, the Foreign Representative's position "fl[ies] in the face of the intent of Rule 45([c])." *Id.* The Court should not permit the Foreign Representative to neuter the protections Rule 45 affords to non-party witnesses such as Seadrill.

8

### B. The General Requirement to Educate a 30(b)(6) Deponent Does Not Outweigh the Substantial Body of Case Law Holding That a Subpoena Must Be Quashed Under Circumstances Nearly Identical to Those Here

As set forth above, the Foreign Representative cites a dozen cases supporting the *general principle* that a corporation should educate a 30(b)(6) witness concerning topics for which the witness lacks sufficient personal knowledge and that doing so is not unduly burdensome. Opp. at 11-13. This general principle, however, cannot overcome the multitude of cases that hold that a subpoena must be quashed under fact patterns virtually identical to the fact pattern here. Glaringly absent from the Opposition is a single case (other than *Wultz II*, discussed below) that addresses the *specific issue* before the Court: whether a non-party, having no knowledgeable representative within the territorial limit of Rule 45, must educate a representative who happens to be located within the forum. And this is no issue of first impression: As set forth in the Moving Brief, courts (including within this Circuit and the Southern District of New York) have *repeatedly* held that no such duty exists and that the related subpoenas must be quashed. Mov. Br. at 8-9. *See also Krueger Invs., LLC v. Cardinal Health 110, Inc.*, No. CV 12–0618, 2012 WL 3264524, at *3 (D.Ariz. Aug. 9, 2012) (quashing 30(b)(6) subpoena when all knowledgeable witnesses were located "beyond the 100 mile reach of Rule 45"); *In Re Moose Enterprises Pty. Ltd.*, No. MC 16-53-DSF (PJWX), 2016 WL 10987320, at *1 (C.D. Cal. June 2, 2016) (quashing 30(b)(6) subpoena when non-party's "employees who have knowledge about the case live and work in Australia and do not regularly conduct business in person here."); *In re ANC Rental Corp.*, 2002 WL 34729302, at *1 (E.D.Pa. June 20, 2002) (quashing 30(b)(6) subpoena that commanded nonparty's corporate designee to "travel over 1,200 miles" despite non-party transacting business within 100 miles of deposition site).

The Foreign Representative simply bypasses this long line of unquestionable authority, choosing instead to rely on reams of irrelevant cases that do not address the issue at hand.

9

01081748

Moreover, the sole relevant case on which the Foreign Representative relies, *Wultz II*, is the very same outlier that Seadrill itself identified and distinguished in its Motion. As set forth more fully in the Moving Brief, *Wultz II* cannot save the Subpoena, because it (i) contradicts the well-settled line of authority quashing 30(b)(6) subpoenas served on non-parties without suitable witnesses located within Rule 45 territorial limits, yet fails to address such authority and fails to cite any case in support of its holding; (ii) explicitly states that its ruling does not represent a finding in connection with *Wultz I*, which quashed a prior version of the subpoena for the same reasons that Seadrill argues here; and (iii) was decided only after the subpoenaing party, unlike the Foreign Representative here, significantly narrowed the deposition topics and described them with further particularity. *See* Mov. Br. at 10; *Wultz II*, 298 F.R.D. at 94, 98, 99.

*Wultz II* is the *only* case of which Seadrill is aware in which a court refused to quash a subpoena under circumstances similar to those here. The Foreign Representative had 11 days to find another case that cites to *Wultz II* or is even remotely consistent with it, but failed to do so.

Moreover, the Subpoena itself defies the Foreign Representative's effort (Opp. at 11) to portray the examination topics as narrow and particularized. For example, the Foreign Representative seeks testimony – without any qualification – concerning "the Debtors," which are among Seadrill's primary competitors. Shkolnik Decl., Ex. A, Sch. B to Subpoena (Dkt. 172-2). The Foreign Representative similarly seeks testimony relating to (i) a wide range of communications, corporate decision-making, and strategies concerning efforts by any person or entity, including "the Ad-Hoc Group, the Bondholders, Seamex, and Fintech, or Seadrill," in connection with the "Jack-Up Rigs or the Oro Negro Contracts"; (ii) the "Jack-Up Rigs" and "Oro Negro Contracts" themselves; and (iii) potential interest by Seadrill, Seamex, or Fintech in the "2017 Proposed Pemex Amendments or the Pemex Terminations." *Id.*

10

01081748

To have to educate a person with no prior knowledge of even the most rudimentary facts concerning these topics – as would be required if the Foreign Representative gets his way – would unquestionably impose an undue burden on Seadrill and on the outside directors who have no knowledge of the underlying facts, in derogation of longstanding principles protecting non-parties from such burden. The Foreign Representative's position is without basis.

### C. The Foreign Representative's Limited Effort to Distinguish Seadrill's Cases Fails

Unlike the cases set forth in the Opposition, each of the cases on which Seadrill relies is squarely analogous to the facts present here: Like Seadrill, each case concerns a non-party that was served a 30(b)(6) subpoena. Like Seadrill, each of the subpoena recipients acknowledged that it employed representatives with knowledge of the deposition topics, but those representatives neither resided, nor were employed, nor regularly conducted business in person within 100 miles of the deposition site. Like Seadrill, each of the subpoena recipients had a corporate representative located in the subject forum with no knowledge concerning the deposition topics. And like Seadrill, each of the subpoena recipients moved to quash the deposition pursuant to Rule 45(c).

*And in each case, the court quashed the subpoena.*

The Foreign Representative nevertheless makes a paltry effort to distinguish some of Seadrill's cases (Opp. at 14), which entirely fails. Indeed, the meaningless distinctions set forth in the Opposition only highlight the weakness of the Foreign Representative's position: The Opposition states that neither *Wultz v. Bank of China Ltd.*, 293 F.R.D. 677 (S.D.N.Y. 2013) ("*Wultz I*"), *Estate of Klieman v. Palestinian Auth.*, 293 F.R.D. 235 (D.D.C. 2013), or *Sokolow v. Palestine Liberation Org.*, 2012 WL 3871380 (S.D.N.Y. Sept. 6, 2012) "involved the presence within 100 miles of the deposition site of a director of the organization, much less two" and that

11

*Estate of Kleiman* and *Sokolow* "involve subpoenas to British Broadcasting Corporation ("BBC"), one of the largest media outlets in the world, regarding the BBC's media coverage of Palestinian terrorist attacks." Opp. at 14.

These "points" are the reddest of herrings: Neither *Wultz I, Estate of Kleiman*, nor *Sokolow* articulate *any* basis for the argument that a court should quash a subpoena where the in-forum representatives are non-directors, but should compel testimony where the individuals are directors. Tellingly, neither does the Foreign Representative.

Nor is the nature of the business of a subpoenaed entity remotely relevant to whether the subpoena at issue should be quashed under Rule 45. Neither *Estate of Kleiman* nor *Sokolow* quashes the 30(b)(6) subpoenas because BBC is "one of the largest media outlets in the world." Even the Foreign Representative cannot scrounge up an argument for why this distinction should make a difference. That is because it does not.

Moreover, the Foreign Representative does not even attempt to distinguish other cases Seadrill cites, which likewise quash 30(b)(6) subpoenas where, as here, the only corporate representatives who reside, are employed, or regularly conduct business in person within 100 miles of the deposition site do not have knowledge of the deposition topics. *See* Mov. Br. at 9; *Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 64 (S.D.N.Y.1998) (quashing subpoena where *the knowledgeable employees* of the subpoenaed party did not "reside," were not "employed," and did not "regularly transact[ ] business in person" in the court's jurisdiction) (emphasis added); *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, 2011 WL 6020154, at *4 (E.D.N.Y. Nov. 30, 2011) (quashing subpoena to witness designated pursuant to Rule 30(b)(6) outside territorial limit where "the individual who has been selected as the 30(b)(6) witness to answer these questions appears to be the most competent" and "there appears to be no

comparable employee located in New York with the requisite knowledge necessary to answer the questions at issue").

### III. THE EXTRAORDINARY BURDENS THAT THE FOREIGN REPRESENTATIVE URGES THIS COURT TO IMPOSE ON SEADRILL WOULD BE CONTRARY TO THE LIMITATIONS OF SECTIONS 1521(a)(4) AND 1522(a) AND (b) OF THE BANKRUPTCY CODE

As set forth above, the Foreign Representative's effort to evade the geographic limitations of Rule 45 contradicts multiple factually analogous cases, which quash the subpoenas at issue rather than burdening non-parties with trying to force former employees to testify on their behalf or to "educate" unsuitable witnesses for testimony. The Foreign Representative's position also contradicts the precepts underlying the limited nature of Section 1521(a)(4) discovery (as further limited by Section 1522(a), as set forth below), which is narrower and more circumscribed than discovery under Rule 2004: Rule 2004 complements Section 1521(a)(4) but does not expand it. *See In re Petroforte Brasileiro de Petroleo Ltda.*, 542 B.R. 899, 910 (Bankr. S.D. Fla. 2015) (following *Glitnir*'s view that "any discovery pursuant to Rule 2004 should conform to the limits of section 1521, the controlling code section."); *In re Glitnir Banki h.f.*, No. 08-14757 SMB, 2011 WL 3652764, at *6 (Bankr. S.D.N.Y. Aug. 19, 2011) ("*Glitnir*") ("Bankruptcy Rule 2004 complements those rights [under § 1521(a)(4)], and may provide a procedural mechanism to obtain a subpoena under Rule 9016 of the Federal Rules of Bankruptcy Procedure," but invocation of Rule 2004 "cannot expand those rights beyond what the statute . . . permit[s].").

In addition, discovery under Section 1521(a)(4) is further circumscribed by Sections 1522(a) and (b). A court may not grant relief under Section 1521, unless "the interests of the creditors and other interested entities, including the debtor, are sufficiently protected," 11 U.S.C. § 1522(a), and may subject any relief granted "to conditions it considers appropriate . . . ." 11

13

U.S.C. § 1522(b). "The idea underlying [Section 1522] is that there should be a balance between relief that may be granted to the foreign representative and the interests of the persons that may be affected by such relief." *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 809 (Bankr. S.D.N.Y. 2018) (quoting *In re Int'l Banking Corp. B.S.C.*, 439 B.R. 614, 626 (Bankr. S.D.N.Y. 2010) (citing GUIDE TO ENACTMENT OF THE UNCITRAL MODEL LAW ON CROSS–BORDER INSOLVENCY ¶ 161)). Thus, Courts recognize that Section 1522(a) applies to protect the interests of entities that are the subject of foreign representatives' discovery requests. *See Platinum*, 583 B.R. at 809 (recognizing that Section 1522(a) may impose limitations on the relief granted under Section 1521(a)(4)); *In re AJW Offshore, Ltd.*, 488 B.R. 551, 561 (Bankr. E.D.N.Y. 2013) (same).

The Foreign Representative's attempt to maximize the burden on Seadrill in order to escape the well-established territorial limitations of Rule 45 should be rejected for the additional reason that it conflicts with Chapter 15's mandate to protect interested parties from the effects of Section 1521(a)(4) relief. Indeed, courts routinely acknowledge that requiring a flesh-and-blood person to appear for testimony presents a greater burden than does document production: Rule 45 itself makes this distinction, permitting subpoenas for documents to non-parties beyond 100 miles of the site of the action, but not subpoenas for depositions. *See* Rule 45(c)(1)(A); Rule 45(c)(2)(A); *Estate of Kleiman*, 293 F.R.D. at 240 (holding that "[b]y contrast to [deposition subpoenas], the Federal Rules of Civil Procedure permit a party to subpoena *documents* regardless of where those documents are located, provided that the documents are within the control of someone subject to the issuing court's jurisdiction," given that "a subpoenaed person or entity that is directed only to produce documents need not appear in person at the place of production, FED.R.CIV.P. 45(c)(2)(A), Rule 45's protections against

14

01081748

compelled travel do not apply to the production of documentary materials.") (emphasis in original)); *Price Waterhouse LLP*, 182 F.R.D. at 61 (noting distinction between subpoenas for depositions, which are subject to Rule 45's territorial limits and subpoenas for documents, which are not).

The Foreign Representative chose to serve its Subpoena on Seadrill in a Chapter 15 proceeding in New York despite Seadrill's lack of any corporate presence here. Engaging in contortions in order to rescue the Subpoena from the strictures of Rule 45 should be neither the Court's, nor Seadrill's, burden to bear.

## CONCLUSION

For the reasons set forth above, Seadrill respectfully requests that the Court quash the Subpoena, to the extent the Subpoena calls for a deposition of Seadrill pursuant to Federal Rule of Civil Procedure 30(b)(6).

Dated:  March 13, 2019
        New York, New York

WILK AUSLANDER LLP

By: /s/ Jay S. Auslander
    Jay S. Auslander
    Natalie Shkolnik
    Julie Cilia
    Eloy A. Peral
1515 Broadway
New York, New York 10036
(212) 981-2300

*Counsel for Seadrill Limited*

15

01081748