**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

March 28, 2019

**VIA ECF AND ELECTRONIC MAIL**
Honorable Shelley C. Chapman
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004
scc.chambers@nysb.uscourts.gov

Re:   *In re: Perforadora Oro Negro S. de R.L. de C.V., et al.*, Case No. 18-11094 (SCC) (Jointly Administered)

Dear Judge Chapman:

    We write on behalf of the Foreign Representative to raise the Bondholders' refusal to collect and produce three missing categories of documents and communications[1] that the Bondholders should have produced months ago and that are critical for the Foreign Representative to conclude his investigation:[2] (1) documents and communications from Andres Antonius, a lobbyist that communicated extensively with Pemex and other parties regarding Oro Negro, who the Bondholders previously represented to this Court was not their agent, but who discovery has revealed to be precisely that; (2) communications between the Bondholders' agents, including their Mexican attorneys, and the Mexican government, including Pemex, regarding among other topics, Pemex's amendment efforts and purported terminations of Oro Negro's contracts; and (3) notes the Bondholders' Mexican attorneys generated regarding or reflecting meetings with third parties, including the Mexican government.[3]

    The Court ordered the Bondholders to complete discovery by January 15, 2019. *See* ECF 165. Three months later, the Bondholders' production remains woefully deficient and incomplete. For example, the Bondholders have failed to produce almost any documents and communications from their Mexican criminal lawyers regarding the criminal investigations that the Bondholders conjured in México against Oro Negro and its employees.[4] In doing so, the Bondholders are denying the Foreign Representative information regarding critical facts. For example, the Foreign Representative recently learned that on September 18, 2018, a Mexican federal judge denied a request to seize the

---

[1]   The Bondholders have failed to produce numerous key categories of documents and communications, despite the fact that they were included in the discovery that the Court ordered. Due to significant financial constraints and the current status of the Debtors, however, the Foreign Representative is not pursuing those documents and communications at this time.

[2]   The Court scheduled a conference for April 3, 2019, to discuss the Bondholders' privilege claims as to certain documents. The Foreign Representative respectfully proposes that the Court address the issues described herein, which cover similar topics as the documents the Bondholders are withholding on privilege grounds, at the same conference.

[3]   Attached as Exhibit 1 is the email correspondence reflecting the Bondholders' refusals.

[4]   *See* ECF 174, at 3, 10.

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Mexican Trust and Oro Negro's bank accounts because the Bondholders failed to show any evidence that Oro Negro had any relationship with "sham" companies and that, even if there were such a relationship, it had no connection with the Mexican Trust or Oro Negros's cash, making a seizure unwarranted.[5]  That information, which is no doubt reflected in documents that the Bondholders' Mexican counsel must have, is clearly responsive to the discovery the Court approved.  That is especially so considering that, the very next day, the Bondholders caused local prosecutors to request from a local judge in México City the same seizure order that the federal court had denied.  And despite having no evidence beyond that which the federal court found thoroughly insufficient to issue the requested seizure order, the local judge issued just such an order a week later, on September 25.[6]

*Andres Antonius*.  In response to the Foreign Representative's previously-filed motion to compel the Bondholders to produce Mr. Antonius' documents and communications, the Bondholders' represented to the Court that the Foreign Representative "ha[d] no basis in fact" to contend that Mr. Antonius acted in the interest of or provided services to the Bondholders and that Mr. Antonius is merely a distant, irrelevant consultant of ARCM, one of the members of the Ad-Hoc Group.[7]  The Bondholders' own documents, however, demonstrate that those representations are simply not true: Mr. Antonius is a key agent for the Bondholders and has been instrumental in their efforts to destroy Oro Negro, and take over its assets and contracts.  For example, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.[ ]  Indeed, the Bondholders effectively acknowledge that Mr. Antonius is their agent by asserting privilege over their communications with him, which they would have no basis to do if he were not their agent and merely a third party.[14]

***Communications With the Mexican Government***.  The Bondholders categorically refuse to produce communications, beyond those related to the criminal investigations, between their agents, including Mexican attorneys, and the Mexican government, including Pemex.[15]  Importantly, that

---

[5]   Oro Negro recently reviewed this order in the file of Mexican federal prosecutors but those prosecutors refuse to provide a copy of the order.

[6]   *See* Adv. Proc. ECF 17, at 3-4.

[7]   *See* ECF 127, at 10.

[8]   *See* Exhibit 2, at 5-6; Exhibit 3, at 1; Exhibit 4, at 4-5; Exhibit 5, at 3-4.

[9]   ████████████████████████████████████████. Exhibit 6 ██████████████.

[10]  *See* Exhibit 7, at 1; Exhibit 4, at 1, 5; Exhibit 8; Exhibit 9.

[11]  *See* Exhibit 4, at 1-4; Exhibit 9, at 1-3.

[12]  *See* Exhibit 10; Exhibit 11, at 1; Exhibit 12; Exhibit 13; Exhibit 14; Exhibit 15; Exhibit 16; Exhibit 17; Exhibit 18; Exhibit 19; Exhibit 26.

[13]  *See* Exhibit 4; Exhibit 9; Exhibit 20; Exhibit 21.

[14]  *See* ECF 174 at 8-9.

[15]  The Bondholders are refusing to produce *any* communications between their agents, including counsel, and *any* third party regarding the topics into which the Court has ordered discovery, beyond communications related to the Mexican

would deny the Foreign Representative communications between the Bondholders' Mexican lawyers and Pemex regarding Pemex's amendment efforts and purported terminations of Oro Negro's contracts, among the most important issues on which discovery has been authorized. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,[16] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,[17]

*Attorney Notes*. The Bondholders' Mexican counsel have ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Yet, the Bondholders are categorically refusing to produce (or even collect) their Mexican attorneys' notes reflecting those or any other meetings or communications with third parties. As described above, the Bondholders are refusing to produce communications between their Mexican counsel, among other agents, and the Mexican government. And with respect to the one category exempted, the Mexican criminal investigations, the Bondholders contend that their Mexican lawyers never communicated in writing with anyone regarding them. As such, without attorney notes reflecting or regarding communications with third parties, the Foreign Representative may never get any information regarding the Bondholders' Mexican counsel's meetings with prosecutors or judges regarding the Mexican criminal investigations, or with Pemex regarding the purported termination of Oro Negro's contracts, among other topics that the Court has authorized the Foreign Representative to investigate. *See Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 469 (S.D.N.Y. 1993) (compelling production of attorney notes when they contained "the only contemporaneous written account of what occurred on this material issue, even if they were to be deemed work product [because] plaintiff [ ] satisfied her burden of showing substantial need for the notes and her inability to obtain their equivalent").[18]

Respectfully submitted,

Gabriel F. Soledad

---

criminal investigations (the Bondholders contend no communications exist regarding the criminal investigations, so they did not produce any). In an effort to narrow discovery, the Foreign Representative seeks here the Court's intervention regarding only communications with the Mexican government, including Pemex.

[16] *See* Exhibit 4, at 1-4; Exhibit 9; Exhibit 22; Exhibit 23; Exhibit 26.

[17] *See* Exhibit 4, at 1-4; Exhibit 9; Exhibit 11; Exhibit 24; Exhibit 25, at 2.

[18] "A party should not be allowed to conceal critical, nonprivileged, discoverable information, which is uniquely within the knowledge of the party and which is not obtainable from any other source, simply by imparting the information to its attorney and then attempting to hide behind the work product doctrine after the party fails to remember the information." *Xerox Corp. v. Int'l Bus. Machines Corp.*, 64 F.R.D. 367, 381–82 (S.D.N.Y. 1974); *see also In re Bekins Storage Co.*, 460 N.Y.S.2d 684, 691 (N.Y. Sup. Ct. 2983), *amended sub nom. Grand Jury Subpoena Served Upon Bekins Record Storage Co. v. Morgenthau*, 463 N.Y.S.2d 349 (N.Y. App. [1st Dep't.] 1983), *aff'd as modified sub nom. In re Bekins Record Storage Co., Inc.*, 62 N.Y.S.2d 324, (N.Y. Ct. App 1984) ("The privilege [of attorney notes] does not extend, however, to information obtained by the attorney from third persons even though obtained in the course of providing legal representation to the client, since no confidence of client to attorney is implicated in the disclosure of a third person's information.").