**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> PERFORADORA ORO NEGRO, <br> S. DE R.L. DE C.V., *et al.*, <br><br> Debtors in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 18-11094 (SCC) <br> (Jointly Administered) |

**SUPPLEMENTAL ORDER GRANTING IN PART AND DENYING IN PART**
**THE FOREIGN REPRESENTATIVE'S OMNIBUS DISCOVERY MOTION**

This matter comes before the Court on the request of Alonso Del Val-Echeverria, in his capacity as Foreign Representative (the "Foreign Representative") of Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. and Perforadora Oro Negro, S. de R.L. de C.V. (together, the "Debtors"), for discretionary relief pursuant to 11 U.S.C. § 1521(a) and Bankruptcy Rule 2004 as set forth in the *Foreign Representative's Omnibus Discovery Motion* [ECF 117] (the "Omnibus Discovery Motion").[1]

The Court having entered the *Order Granting In Part And Denying In Part The (I) Foreign Representative's Request for Discretionary Relief Pursuant to 11 U.S.C. § 1521(a) and (II) Motion by the Interested Parties Pursuant to Section 1522(b) of the Bankruptcy Code for an Order Imposing Appropriate Conditions on Operation of the Debtors' Business or Alternatively, Granting Adequate Protection* [ECF 85] (the "Discovery Order"); and

The Court having entered the *Order Granting in Part and Denying in Part the Foreign Representative's Omnibus Discovery Motion* [ECF 165] (the "Omnibus Discovery Order"); and

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Omnibus Discovery Motion.

Upon the Court's review and consideration of (1) the documents submitted for *in camera* review by the Interested Parties[2] in accordance with the procedures set forth in the Omnibus Discovery Order, and (2) the Interested Parties' February 26, 2019 letter submitted therewith [ECF 173]; (3) the Foreign Representative's March 1, 2019 letter responding to the Interested Parties' February 26 letter [ECF 174]; (4) the Foreign Representative's March 28, 2019 letter concerning discovery disputes [ECF 182]; and (5) the Interested Parties' April 2, 2019 response to the Foreign Representative's March 28 letter [ECF 184]; and

The Court having held a conference on April 3, 2019;

**NOW, THEREFORE, IT IS HEREBY**

ORDERED, that the Omnibus Discovery Order is supplemented, solely to the extent and as set forth herein; and it is further

ORDERED that the Interested Parties shall produce the photographs and documents of the spreadsheet that pertain to the Declaraciónes Informativas de Operaciones con Terceros ("DIOTs") described in the Parties' Letters (ECF 173, at 2-3; ECF 174, at 2-3); and it is further

ORDERED that the Interested Parties will produce documents in their possession, custody or control pertaining to the Mexican Criminal Investigations contained in any of the files of Mexican prosecutors or judges described in Section H of the Interested Parties' February 26 Letter (ECF 173 at 8-11) and Section VIII of the Foreign Representative's March 1 Letter (ECF 174 at 9-11), including the 19 photographs described in footnote 35 of the Foreign Representative's March 1 Letter (*id.* at 9 n.35); and it is further

---

[2] The Interested Parties are AMA Capital Partners ("AMA"), LLC, Alterna Capital Partners, LLC ("Alterna"), and Contrarian Capital Management, LLC ("Contrarian").

ORDERED that the Interested Parties shall produce or reproduce certain documents which were reviewed by the Court *in camera* in accordance with the Court's guidance provided at the April 3, 2019 discovery conference; and it is further

ORDERED that the Interested Parties shall review the redacted or withheld communications involving Andres Antonius consistent with the Court's guidance at the April 3, 2019 Conference, and, if necessary to comply with that guidance, supplement their production; and it is further

ORDERED that the interested parties shall collect, review and produce or log all notes or memoranda or other records of the Interested Parties' Mexican legal counsel responsive to the Foreign Representative's Rule 2004 Subpoenas and reflecting meetings and communications with third parties, including Pemex, the Mexican Department of Energy (*La Secretaría de Energía*), Department of the Treasury (*La Secretaría de Hacienda y Crédito Público*) and the tax authority thereunder (*Servicio de Administración Tributaria*), law enforcement, prosecutors, criminal court judges and pension funds (*Afores*); and it is further

ORDERED, that this Order is without prejudice to the rights of the Foreign Representative to request additional discovery, including examinations, in connection with this matter, regardless of whether based on any information that may be revealed as a result of the discovery authorized pursuant to this Order; and it is further

ORDERED, that the Foreign Representative is authorized and empowered to take any and all actions necessary to implement the terms of this Order; and it is further

ORDERED, that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment, modification or implementation of this Order, and all requests for any additional relief in this Chapter 15 case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED, that the Foreign Representative shall serve notice of this Order by email or U.S. mail, first class postage prepaid, within two (2) business days following the entry of this order, upon the entities from which discretionary relief has been sought; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
      May 6, 2019

/S/ Shelley C. Chapman
Honorable Shelley C. Chapman
United States Bankruptcy Judge