| | |
|---|---|
| Juan P. Morillo (*pro hac vice*) | Scott C. Shelley |
| Gabriel F. Soledad | Samantha Gillespie (*pro hac vice*) |
| Daniel Pulecio-Boek | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | 51 Madison Avenue, 22nd Floor |
| 1300 I Street, NW, Suite 900 | New York, New York 10010 |
| Washington, D.C. 20005 | Telephone: (212) 849-7000 |
| Telephone: (202) 538-8000 | Facsimile: (212) 849-7100 |
| Facsimile: (202) 538-8100 | Email: scottshelley@quinnemanuel.com |
| Email: juanmorillo@quinnemanuel.com | Email: samanthagillespie@quinnemanuel.com |
| Email: gabrielsoledad@quinnemanuel.com | |
| Email: danielpulecioboek@quinnemanuel.com | |
| | |
| Eric Winston (*pro hac vice*) | Sara C. Clark (*pro hac vice*) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 865 South Figueroa Street, 10th Floor | 711 Rusk Street, Suite 500 |
| Los Angeles, California 90017 | Houston, Texas 77002 |
| Telephone: (213) 443-3000 | Telephone: (713) 221-7000 |
| Facsimile: (213) 443-3100 | Facsimile: (713) 221-7100 |
| Email: ericwinston@quinnemanuel.com | Email: saraclark@quinnemanuel.com |

*Counsel for the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PERFORADORA ORO NEGRO, S. DE R.L. DE C.V., *et al*. | Case No. 18-11094 (SCC) (Jointly Administered) |
| Debtors in a Foreign Proceeding. | |

**MOTION FOR LEAVE TO FILE UNDER SEAL**

Gonzalo Gil White, in his capacity as foreign representative (the "Foreign Representative") of Perforadora Oro Negro, S. de R.L. de C.V. ("Perforadora") and Integradora de Servicios Petroleros, S.A.P.I. de C.V. ("Integradora," and together with Perforadora, the "Debtors") respectfully moves this Court pursuant to Bankruptcy Code section 107(b), Rule 9018 of the

Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9018-1 for entry of an order substantially in the form of Attachment A to this Motion granting permission to file under seal unredacted copies of the *Motion of Foreign Representative for Order Pursuant to Bankruptcy Code Sections 105(A), 362, 363, 1520(A)(2), 1520(A)(3) and 1521(A)(7) Authorizing Entry into a Litigation Interest Agreement and Granting Related Relief*, including the exhibit thereto (the "Motion"). In support thereof, the Foreign Representative respectfully represents as follows:

### I.    PRELIMINARY STATEMENT

1.    Through the Motion, the Foreign Representative seeks approval of a transaction that will provide the Debtors with a critical cash infusion to permit them to pursue significant claims against individuals and entities that have colluded to seize the Debtors' Jack-Up Rigs, deprive them of cash to operate, and force their liquidation.

2.    In connection with the Motion, the Foreign Representative submits confidential and sensitive commercial information regarding the proposed transaction. Such information is subject to protection under Rule 107(b)(1).

### II.    JURISDICTION

3.    The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 107(b).

### III.    BACKGROUND

4.    In September 2017, the Debtors initiated voluntary restructuring proceedings in México (the "*Concurso Mercantil*"). *See* ECF No. 3 (Del Val Decl.) ¶¶ 6, 7.

5.    On April 20, 2018, the Foreign Representative commenced these Chapter 15 proceedings in order for this Court to recognize the *Concurso Mercantil* as the foreign main

proceeding (and obtain all of the protections provided under Bankruptcy Code section 1520) and grant certain discretionary relief, including giving full force and effect to four orders issued by the court presiding over the *Cuncurso Mercantil* (the "*Concurso* Court);[1] and authorizing the Foreign Representative to obtain discovery from the Ad-Hoc Group, AMA Capital Partners, LLC ("AMA"), their New York-based financial advisor, and other parties. *See* ECF 2. The Foreign Representative's recognition petition expressly stated that property located in the United States included Perforadora's rights under the five agreements with the Singapore Rig Owners (the "Bareboat Charters") that are governed by U.S. maritime law and claims relating thereto. *See id*.

6. On May 17, 2018, the Court issued an order (the "Recognition Order") (a) recognizing the Debtors' *Concurso Mercantil* as the foreign main proceeding; and (b) granting protection afforded by Bankruptcy Code section 1520, including staying all actions against the Debtors' assets and rights in the United States. *See* ECF 54.

7. On July 11, 2018, the Court entered a subsequent order (a) recognizing, granting comity and entitling full force and effect in the United States to four orders issued by the *Concurso* Court (including the October 5 & 11 Orders); and (b) authorizing that the Foreign Representative obtain discovery from several parties, including the Ad-Hoc Group and AMA. *See* ECF 85.

8. On November 13, 2018, the Court entered an order granting the Foreign Representative's request to take discovery from Seadrill and Fintech. *See* ECF 156.

9. Through the discovery process, the Foreign Representative investigated and developed valuable litigation claims of the Debtors against certain third parties (the "Claims"). As

---

[1]   The four orders are orders issued by the *Concurso* Court on October 5, October 11, October 31 and December 29, 2017.

3

a result on June 6 and 7, 2019, the Foreign Representative filed two complaints before this court. *See Gil-White v. Ercil, et al.*, Adv. No. 19-01294 (Bankr. S.D.N.Y.) (the "Complaints").

10. However, as set forth more fully in the Complaints and the Motion, as a result of the Ad-Hoc Group's and their co-conspirators' misconduct, after almost two years of attempting an orderly reorganization, the Debtors lost their core assets, the Jack-Up Rigs, have no available cash and are on the verge of liquidation.

11. Regardless of whether the Debtors convert to liquidation, the Debtors, which were solvent companies that had never missed a payment prior to commencing the *Concurso* proceeding, hold valuable Claims. As set forth in the Motion, the Debtors have identified and come to an agreement (the "Agreement") with CM Squared ON LLC (the "Interest Assignee") to enable the Debtors to pursue their Claims in litigation, which will benefit the Debtors' estate.

### IV.    RELIEF REQUESTED

12. By this Motion, the Foreign Representative seeks leave to file un-redacted copies of the Motion under seal and redacted copies of the Motion on the docket, without prejudice to the rights of any interested party to seek a subsequent determination from the Court that certain of the redacted materials not be kept under seal.

### V.    ARGUMENT

13. The Foreign Representative seeks to file parts of the Motion and supporting documents, including the Litigation Interest Agreement (as defined in the Motion), under seal. In accordance with Local Rule 9018-1, the Foreign Representative files simultaneously with this motion "a redacted public copy of any such pleadings, motions, and/or other papers redacting the Designated Materials."

14. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Foreign Representative to file the designated materials under seal. Section 107(b) of the

Bankruptcy Code provides in pertinent part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under 11 U.S.C. § 107(b).

15. The Motion and its supporting documents contain certain sensitive financial information and confidential commercial information regarding the Debtors and the Interest Assignee, the disclosure of which would harm the Debtors and the Interest Assignee. This sensitive, confidential information is entitled to protection under Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.

## VI.    NOTICE

16. Notice of this Motion has been provided to all parties who have appeared in this Chapter 15 proceeding and to the United States Trustee.

## VII.    CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests entry of an order, in the form submitted herewith as Attachment A, (1) authorizing the Foreign Representative to file un-redacted copies of the Motion and its supporting papers under seal and redacted copies of the Motion on the docket; and (2) granting such other and further relief as this Court deems appropriate.

| | |
|---|---|
| Dated: June 7, 2019<br>New York, New York | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP |

  /s/  Gabriel F. Soledad
Gabriel F. Soledad
Juan P. Morillo (*pro hac vice*)
Daniel Pulecio-Boek
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
Email: gabrielsoledad@quinnemanuel.com
Email: juanmorillo@quinnemanuel.com
Email: danielpulecioboek@quinnemanuel.com

Scott C. Shelley
Samantha Gillespie (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: scottshelley@quinnemanuel.com
Email: samanthagillespie@quinnemanuel.com

Eric Winston (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: ericwinston@quinnemanuel.com

Sara C. Clark (*pro hac vice*)
711 Rusk Street, Suite 500
Houston, Texas 77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100
Email: saraclark@quinnemanuel.com

*Counsel for the Foreign Representative*

# ATTACHMENT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PERFORADORA ORO NEGRO, S. DE R.L. DE C.V., *et al*.<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-11094 (SCC)<br>(Jointly Administered) |

**[PROPOSED] ORDER GRANTING THE FOREIGN REPRESENTATIVE'S
MOTION FOR LEAVE TO FILE UNDER SEAL**

Upon consideration of the motion for leave to file under seal, (the "Motion to Seal")[1] of Gonzalo Gil White, in his capacity as foreign representative (the "Foreign Representative") of (1) Perforadora Oro Negro, S. de R.L. de C.V.; and (2) Integradora de Servicios Petroleros, S.A.P.I. de C.V. for entry of an order granting permission to file under seal un-redacted copies of the *Motion of Foreign Representative For Order Pursuant To Bankruptcy Code Sections 105(A), 362, 363, 1520(A)(2), 1520(A)(3) and 1521(A)(7) Authorizing Entry into a Litigation Interest Agreement and Granting Related Relief* (the "Motion to Seal"); and the Court having jurisdiction to consider the Motion to Seal and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Seal.

1

IT IS HEREBY ORDERED THAT:

1. The Motion to Seal is GRANTED.

2. Pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1(b), the Foreign Representative is authorized to file the Motion under seal.

3. The information in the unredacted copies of the Motion shall remain under seal and shall not be made available to anyone until such time as the Court may direct, except that copies shall be provided to (a) the Court, and (b) the Office of the United States trustee.

4. Any party in interest seeking access to the unredacted copies of the Motion shall file an appropriate motion with the Court seeking such relief on appropriate notice.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Motion or any part thereof.

6. At the conclusion of this Chapter 15 proceeding, the Foreign Representative shall unseal or dispose of the confidential information governed by this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:    June _____, 2019
          New York, New York

                                                        HONORABLE SHELLEY C. CHAPMAN
                                                        UNITED STATES BANKRUPTCY JUDGE