

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**SHMUEL VASSER**

shmuel.vasser@dechert.com
+1 212 698 3691  Direct
+1 212 698 0418  Fax

June 13, 2019

**VIA EMAIL AND ECF**

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court, S.D.N.Y.
One Bowling Green
New York, NY 10004-1408
scc.chambers@nysb.uscourts.gov

      Re: Perforadora Oro Negro, S. DE R.L. DE C.V, Case No. 18-11094 (SCC)
      <u>Request for a Chambers' Conference</u>

Dear Judge Chapman:

Dechert is counsel to Oro Negro Primus PTE, Ltd., Oro Negro Laurus PTE, Ltd., Oro Negro Fortius PTE, Ltd., Oro Negro Decus PTE, Ltd. and Oro Negro Impetus PTE, Ltd, (collectively, the "**Rig Owners**"), the Singaporean entities that own the five jack-up rigs that were chartered to Peforadora, one of the debtors in the above referenced chapter 15 case.[1]

On June 7, 2019, the Foreign Representative (the "**FR**") filed (i) a redacted motion seeking authorization to enter into a litigation interest agreement [ECF 205] (the "**Sale Motion**"), (ii) a motion for leave to file the Sale Motion under seal and file redacted copies of it on the docket [ECF 204] (the "**Seal Motion**") and (iii) a notice of motion, later revised [ECF 208], setting a hearing date on both motions for June 25, 2019, and the objection deadline for June 18, 2019.

The Rig Owners counsel conferred with FR's counsel and asked FR's counsel to provide the Rig Owners' counsel with unredacted copies of the Sale Motion. FR's counsel refused arguing that since the Rig Owners are litigation targets, presumably referring to the complaint filed on June 6, 2019, Adv. P. 19-1294, they will never support the Sale Motion and the request is pretextual. Rig Owners' counsel than requested that the hearing on the motions be bifurcated to allow the Court to rule on the Seal Motion first. FR's counsel refused.

The Rig Owners submit that it is substantively and procedurally improper and prejudicial to schedule the hearing date on the Sale Motion and Seal Motion on the same date as all parties in interest, including the Rig Owners, have no ability to assess the substantive aspects of the Sale

---

[1] The Rig Owners act in reaction to the motions brought by the debtors and do not intend to submit themselves to jurisdiction in the U.S.

25814144.1



Judge Shelley C. Chapman
June 13, 2019
Page 2

Motion as all substantive elements, including economic terms, have been redacted. The Rig Owners intend to oppose the Seal Motion. Neither the Rig Owners nor any other party in interest, however, should be required to object to the Sale Motion until after the Court rules on the Seal Motion as such ruling will affect the substance of any objection.

Finally, the Sale Motion requires 21 days' notice under Fed. R. Bankr. P. Rule 2002(a)(2), unless the Court shortens notice in advance and for cause shown. No cause appears to exist herein. Assuming that the filing and service of redacted pleadings prior to the Court authorizing such course of action satisfy the notice requirement, which we submit it does not, the FR gave only 18 days' notice in violation of the Rule.

The Rig Owners respectfully request a Chambers' conference to address the scheduling of the Seal Motion and the Sale Motion, absent the FR providing to the undersigned unredacted copies of the Sale Motion.

Sincerely,

Shmuel Vasser

cc (via email):

Counsel to the Foreign Representative:

Quinn Emanuel Urquhart & Sullivan, LLP

danielpulecioboek@quinnemanuel.com
juanmorillo@quinnemanuel.com
gabrielsoledad@quinnemanuel.com

Counsel to certain bondholders:

Paul, Weiss, Rifkind, Wharton & Garrison LLP

arosenberg@paulweiss.com
wclareman@paulweiss.com
chopkins@paulweiss.com
asynnott@paulweiss.com