Hearing Date and Time: June 25, 2019 at 2:00 p.m. (EST)<br>
Reply Deadline:  June 21, 2019 at 4:00 p.m. (EST)

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel:   212-373-3000
Fax:   212-757-3990
Andrew N. Rosenberg
Aidan Synnott
William A. Clareman

*Counsel for the Interested Parties*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| In re: | : | Chapter 15 |
|---|---|---|
| | : | |
| PERFORADORA ORO NEGRO S. DE R.L. DE C.V., *et al.* | : : | Case No. 18-11094 (SCC) (Jointly Administered) |
| | : | |
| Debtors in a Foreign Proceeding. | : : | |
------------------------------------------------------------x

## OBJECTION OF THE INTERESTED PARTIES
## TO MOTION FOR LEAVE TO FILE UNDER SEAL

Alterna Capital Partners, LLC ("Alterna"), AMA Capital Partners, LLC ("AMA"), and Contrarian Capital Management, LLC ("Contrarian" and, together with Alterna and AMA, the "Interested Parties") file this objection (the "Objection")[1] to the *Motion for Leave to File Under Seal* [ECF No. 204] (the "Sealing Motion") filed by Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") on behalf of Gonzalo Gil White, in his capacity as the former foreign

---

[1] This Objection has been redacted solely to avoid disclosure of the terms of the Redacted LIA (as defined below). The Interested Parties will submit an unredacted copy of the Objection to the Court and publicly file the same in these Chapter 15 cases to the extent the Court denies the Sealing Motion.

representative (the "Former Foreign Representative") of Perforadora Oro Negro S. de R.L. de C.V. ("Perforadora") and Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. ("Integradora" and, together with Perforadora, the "Debtors"). In support of this Objection, the Interested Parties rely on the *Declaration of Andrew N. Rosenberg in Support of Objection of the Interested Parties to Motion for Leave to File Under Seal*, filed herewith (the "Rosenberg Declaration"), and respectfully state as follows:

### PRELIMINARY STATEMENT

1. The Sealing Motion requests this Court to conceal the redacted portions of the Sale Motion and the entirety of the Litigation Interest Agreement (the "LIA") based on a single conclusory sentence that those documents contain "sensitive financial information and confidential commercial information." That does not satisfy the Former Foreign Representative's burden. Furthermore, the LIA terms are not in fact "commercial information" of the Debtors. The Debtors were in the business of offshore oil drilling, and they are presently in liquidation. They have never been in the business of claims trading or litigation finance, and thus the terms of the Litigation Interest Agreement are not their "commercial information." For these reasons alone, the Sealing Motion should be denied.

2. Counseling further in favor of disclosure, the Interested Parties received a partially redacted version of the LIA (the "Redacted LIA"), which was not filed on the docket in any form (redacted or otherwise), and which ████████████████████████████████ ████████████████████████████████████████ These provisions ████ ████████████████████████████████ (a) would concern any interested party—and especially the *Concurso* Court; (b) directly impacts the section 363(b) analysis, ████████████████████████████ and (c) further calls into question the concealed

2

portions of the Redacted LIA and Sale Motion. To allow all interested parties a fair opportunity to review and respond, the unredacted Sale Motion and LIA should be publicly disclosed.

3. In addition, the Redacted LIA conceals substantially all of the LIA's economic terms, including the quantum of the participation interest and the purchase price. The Former Foreign Representative refuses to disclose such terms to the Interested Parties on the grounds that they are among the long list of parties targeted by the LIA Claims; however, his reasoning is not in the best interests of the Debtors. The Interested Parties are potential buyers of the purported claims. Without disclosing the LIA's economic terms, it is impossible to know whether the Interested Parties will pay more for the Debtors' assets. Accordingly, the Court should deny the Sealing Motion to ensure the Debtors obtain the highest and best offer.

4. Finally, the need for public disclosure is especially important given that the Sale Motion broadly seeks to bind all interested parties (whether known or unknown),[2] including the Liquidator appointed under Mexico's *Ley de Concursos Mercantiles* (the "*Concursos* Law")[3] and the *Concurso* Court.[4] The Former Foreign Representative effectively seeks to bind the *Concurso* Court and other interested parties to LIA terms that they are prohibited from reviewing. His requested relief does not comport with due process. Rather, it is a thinly-veiled attempt to undermine the Liquidation Stage of the *Concurso* Proceeding.

5. For these reasons and the reasons set forth below, the Sealing Motion should be denied.

---

[2] Sale Motion, Attachment A (the "Proposed Order") ¶ 18 (defining "Bound Parties" to include the Debtors "creditors (whether known or unknown)" and "any affected third parties").
[3] *Id.* (binding "any liquidator, trustee, party, entity, or other fiduciary hereafter appointed as a legal representative of the Debtors" (emphasis added)).
[4] *Id.* ¶ 19 ("Nothing contained in any order in these chapter 15 cases, the *Concurso* or any subsequent liquidation proceeding shall alter, conflict with, or derogate from the provisions of the Litigation Interest Agreement or the terms of this Order." (emphasis added)).

**BACKGROUND**

**I.    The Sale Motion and Sealing Motion**

6.      On June 7, 2019, the Former Foreign Representative filed a redacted motion (the "Sale Motion" and, together with the Sealing Motion, the "Motions") on behalf of the Debtors, seeking authorization for the Debtors to sell CM Squared ON, LLC ("CM Squared") a "beneficial ownership interest (a participation)" in the Debtors' Claims (as defined in the Sale Motion) pursuant to the LIA.  The Sale Motion's summary of the LIA is heavily redacted, and the LIA (redacted or otherwise) was not filed on the docket.  The Sale Motion's description of the LIA does not include, among other things, the quantum of the participation interest, the purchase price or any restrictions on the Debtors' use of LIA proceeds.

7.      Also on June 7, 2019, the Former Foreign Representative filed the Sealing Motion, which seeks to seal the redacted portions of the Sale Motion and the entirety of the LIA because they purportedly constitute "trade secret[s] or confidential research, development, or commercial information" under section 107(b)(1) of the Bankruptcy Code.[5]  The Sealing Motion contains no supporting analysis.  Instead, it contains a single conclusory sentence, asserting that "[t]he Motion and its supporting documents contain certain sensitive financial information and confidential commercial information regarding the Debtors and the Interest Assignee, the disclosure of which would harm the Debtors and the Interest Assignee."[6]

8.      On June 10, 2019, the Interested Parties asked Quinn Emanuel to provide them with unredacted copies of the Sale Motion and LIA.  Quinn Emanuel would not provide unredacted copies; however, they did provide the Redacted LIA on June 11, 2019.  Quinn

---

[5]  Upon information and belief, Quinn Emanuel has submitted an unredacted copy of the LIA and an unredacted copy of the Sale Motion to this Court.  *See* Sale Motion ¶ 16 n.4 ("A copy of the Litigation Interest Agreement has been filed under seal.").
[6]  Sealing Motion ¶ 15.

4

Emanuel told the Interested Parties they were not authorized to "share or discuss that document with any other entity or individual without [Quinn Emanuel's] express consent."[7] The Redacted LIA continues to conceal, among other things, all material economic terms of the agreement.

9. The redacted Sale Motion states that "Fernando Pérez-Correa, the *Conciliador* in the Debtors' *Concurso*, has received notice of the Transaction and has expressed no objections."[8] Tellingly, the Sale Motion does not state whether the *Conciliador* had approved—or even reviewed—the LIA terms before the Debtors filed the Sale Motion. Upon information and belief, the Interested Parties understand that the *Conciliador* had not reviewed copies of the LIA or Sale Motion (unredacted or otherwise) when the Former Foreign Representative filed the Motions.

## II. The *Concurso* Court Orders the Debtors into Liquidation

10. On June 13, 2019 (the "Liquidation Date"), the Debtors entered the liquidation stage of the *Concurso* Proceeding (the "Liquidation Stage"). The *Concurso* Court declared the initiation of the Liquidation Stage in an order dated as of June 13, 2019 (the "Liquidation Order"). ECF No. 211 Ex. 1-T at 7. Among other things, the Liquidation Order:

(i) suspends the Debtors' capacity to enforce their legal rights pending appointment of the Liquidator;[9]

(ii) directs the Mexican Federal Institute of Commercial Bankruptcy Specialists ("IFECOM") to appoint the Debtors' liquidator (the "Liquidator") within five business days, and confirms that until the appointment of the Liquidator, the Debtors' administrators, managers, and agents are merely "depositaries" of the Debtors' assets;[10]

---

[7] At Quinn Emanuel's request, the Interested Parties have not shared the LIA with any other party, including the *Concurso* Court. However, the Interested Parties reserve all rights to do so in the future.
[8] Sale Motion ¶ 29.
[9] ECF No. 211 Ex. 1-T at 8.
[10] *Id.*

5

(iii)     orders the Debtors' administrators, managers, and agents to deliver possession and administration of the Debtors' assets and rights to the Liquidator;[11]

(iv)     orders the Liquidator to take over all litigation commenced by or against the Debtors;[12]

(v)     prohibits any third parties owing debts to the Debtors from making any payments, or transferring any assets, directly to the Debtors (or their administrators, managers, or agents) without the Liquidator's authorization;[13] and

(vi)     requires the Liquidator to sell all of the Debtors' assets and rights, seeking to obtain the highest possible consideration for purposes of paying the Debtors' creditors (the "Liquidation").[14]

11.     On June 14, 2019, IFECOM appointed the former *Conciliador*, Fernando Pérez-Correa, as Liquidator.[15]

## ARGUMENT

**I.     The LIA and Unredacted Sealing Motion Must Be Disclosed.**

    **A.     The Former Foreign Representative Fails to Satisfy Section 107(b) of the Bankruptcy Code.**

12.     The Former Foreign Representative does not attempt to explain how sealing the LIA and unredacted Sealing Motion satisfies the requirements of section 107(b). Instead, he recites the applicable statutory language and inserts a single conclusory sentence that the LIA meets that standard.[16] That cannot satisfy the Former Foreign Representative's burden. *See In re Motors Liquidation Co.*, 561 B.R. 36, 42-43 (Bankr. S.D.N.Y. 2016) ("[T]he information must be so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors. . . . Evidence—not just argument—is required to support the

---

[11]   *Id.*
[12]   *Id.* at 6, 9.
[13]   *Id.* at 8.
[14]   *Id.* at 9.
[15]   *See Notice Pursuant to 11 U.S.C. § 1518*, ¶ 3 (June 17, 2019) [ECF No. 214].
[16]   Sealing Motion at ¶ 15 ("The Motion and its supporting documents contain certain sensitive financial information and confidential commercial information regarding the Debtors and the Interest Assignee, the disclosure of which would harm the Debtors and the Interest Assignee.").

extraordinary remedy of sealing." (internal quotation marks omitted)); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013).

13. Furthermore, the LIA is in fact not a "trade secret or confidential research, development, or commercial information" entitled to protection under section 107(b)(1). The terms of other litigation interest agreements of CM Squared have been publicly filed, showing that the LIA terms do not need to be concealed on CM Squared's behalf.[17] And the Debtors' business was offshore oil drilling[18]—not the sale of alleged litigation claims. *See, e.g.*, *Geltzer* v. *Andersen Worldwide, S.C.*, 2007 U.S. Dist. LEXIS 6794, at *12 (S.D.N.Y. Jan. 30, 2007) (rejecting debtor's argument that its business had become, as a result of its bankruptcy, primarily involved the settlement of litigation, and emphasizing that such argument relied upon a "rather remarkable and untenable redefinition of 'commerce'"); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 76 (Bankr. D. Del. 2006) (explaining that debtors' settlements with tort claimants was not "confidential commercial information"). A debtor's desire to conceal information related to the value of unresolved litigation claims does not override the public's right to access all documents filed in a bankruptcy case. *See id.*; *see also* 2 Collier on Bankruptcy ¶ 107.03 (16th ed. 2019) ("In general, the desire to keep settlement terms confidential so that they would not be known to other entities who might be in litigation with a party does not warrant limitation of access to court papers."); *In re Rapid-Am. Corp.*, No. 13-10687, 2017 WL 6459348, at *1 (Bankr. S.D.N.Y. Dec. 15, 2017) (denying debtor's motion to file under seal the entirety of an agreement to sell two claims and emphasizing that even if there was evidence that the agreement contained confidential and commercial information, such information could be overcome simply by redacting the name of the

---

[17] *See Joint Status Report*, *Ommen* v. *U.S.A.*, Case No. 1:17-cv-00957-CFL, Ex. A (July 24, 2018) (motion to approve prepaid forward purchase agreement with CM Squared).
[18] *See, e.g.*, Del Val Decl. ¶¶ 6-7 [ECF No. 3] (representing same to this Court).

purchaser while including other relevant information, specifically, the sale price"). Accordingly, the Former Foreign Representative has failed to satisfy section 107(b). The Sealing Motion should thus be denied.

**B.     The Sealing Motion Seeks to Conceal** ▮▮▮▮▮▮▮▮▮▮▮▮

14.     The need for disclosure here is acute because the Redacted LIA is rife with troubling provisions that ▮▮▮▮▮▮▮▮▮▮▮▮ These provisions would concern any interested party—and especially the *Concurso* Court—but they are not disclosed in the redacted Sale Motion.

15.     For instance, although the Sale Motion states (without any supporting analysis) that "Mexican counsel has advised that the Transaction [including the LIA] does not require approval of the *Concurso* Court,"[19] ▮▮▮▮▮▮▮▮▮▮▮▮

---

[19]  Sale Motion ¶ 41 n.7.

8

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

16. *First,* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

17. *Second,* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

18. *Third,* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



19. In addition,



███████████████████████████████████████ and thus directly impacts the section 363(b) analysis.

20. Without public disclosure of such provisions, interested parties will be unaware that the LIA █████████████████████████████████████████████ ██████████████████████████ Moreover, the existence of such provisions further calls into question the redacted portions of the Redacted LIA.

21. Importantly, the Sale Motion seeks to bind a broad list of "Bound Parties," including, among others: (a) "the Debtors," (b) "their estates," (c) "their creditors (whether known or unknown)," (d) "any affected third parties," and (e) the Liquidator appointed under Mexico's *Ley de Concursos Mercantiles* (the "*Concursos* Law").[30] The Sale Motion further seeks to bind the *Concurso* Court and the liquidation process, requesting this Court to order that "[n]othing contained in any order in these chapter 15 cases" (including this Court's Comity Order enforcing the *Concurso* Court's orders), "the *Concurso* or any subsequent liquidation proceeding shall alter, conflict with, or derogate from the provisions of the Litigation Interest Agreement or the terms of this Order."[31] The Former Foreign Representative thus is seeking to bind the *Concurso* Court and other interested parties to LIA terms that they are prohibited from reviewing, despite the fact that, as discussed above, the terms directly implicate the *Concurso* Court's orders and analysis of the LIA under section 363. His requested relief does not comport with due process. Rather, it is a thinly-veiled attempt to undermine the Liquidation Stage of the *Concurso* Proceeding.

---

[29] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[30] Sale Motion, Attachment A (the "Proposed Order") ¶¶ 18, 24.
[31] Proposed Order ¶ 19.

11

22. To allow all interested parties a fair opportunity to review and respond, the unredacted Sale Motion and LIA must be filed publicly. The Sealing Motion should thus be denied.

### C. The Economic Terms of the LIA Must Be Disclosed to Maximize Value to the Debtors.

23. The Redacted LIA conceals substantially all of the LIA's economic terms, including the quantum of the participation interest and the purchase price. Quinn Emanuel told the Interested Parties they refused "to reveal to the targets of the claims the economic terms of the agreement."[32]

24. This makes little sense in the context of the Sale Motion, where the Former Foreign Representative seeks relief under section 363(b) to approve the sale of an interest of the Debtors in their property.[33] Assuming section 363 even applies,[34] the Former Foreign Representative must establish that the LIA is the "highest and best offer" for the Debtors' assets. *See In re GSC, Inc.*, 453 B.R. 132, 170 (Bankr. S.D.N.Y. 2011). In addition, the LIA is subject to heightened scrutiny because, by its own terms, it benefits insiders of the Debtors.[35] Litigation targets often purchase (*i.e.*, settle) claims against themselves with bankruptcy court approval. *See, e.g.*, *In re Nicole Energy Servs., Inc.*, 385 B.R. 201 (Bankr. S.D. Ohio 2008). Yet neither the Former Foreign Representative nor any other representative of the Debtors ever asked the Interested Parties or, upon information and belief, any of the other targets of the Claims, if they would provide more value to the Debtors than CM Squared.

---

[32] Rosenberg Decl. Ex. 2 ("Quinn Emanuel's Email").
[33] *See, e.g.*, Sale Motion ¶ 36 (stating that section 363(b) is "applicable herein by operation of section 1521(a)(2)).
[34] The Interested Parties reserve all rights with respect to any arguments to the substantive relief sought in the Sale Motion.
[35] *See, e.g.*, *In re Enron Corp.*, 335 B.R. 22, 28 (S.D.N.Y. 2005).

25. The Interested Parties are potential buyers of the purported claims. Without disclosing the economic terms, it is impossible to know whether the Interested Parties will pay more for the Debtors' assets. Accordingly, the Court should deny the Sealing Motion to ensure the Debtors obtain the highest and best offer for the purported claims.

## II.    The Sealing Motion Should Be Adjourned Until the Liquidator Appears in these Chapter 15 Cases.

26. The Sale Motion and Sealing Motion (as well as certain other pleadings on behalf of the insiders receiving benefits from the LIA) were filed on the eve of conversion of the Debtors' *Concurso* Proceeding to the Liquidation Stage, in an apparent effort to undermine the Liquidator, the *Concurso* Court, and the *Concursos* Law. The Liquidation Order strips the Debtors' existing management and agents (including Mr. Gil and Quinn Emanuel) of all authority and control over the Debtors' assets and affairs. Those rights now vest solely in the Liquidator, who has the exclusive authority to administer the Debtors' assets, including prosecuting any pending proceedings by or against the Debtors.[36] There thus should be an immediate stay of all pending matters affecting the Debtors' estates (including the Sealing Motion, Sale Motion, and related filing deadlines) to allow time for the Liquidator to appear and be heard.

[*Remainder of Page Intentionally Left Blank*]

---

[36] The Former Foreign Representative asserts that "the Debtors' current administrators, managers and agents must continue to manage the Debtors' assets and affairs exercising business judgment" until the Liquidator "formally becomes the Debtors' manager," which purportedly "will take from four to six weeks." *Notice Pursuant to 11 U.S.C. § 1518*, ¶ 4 (June 17, 2019) [ECF No. 214]. This position is inconsistent with the plain language of the Liquidation Order, which states that "the capacity to enforce legal rights of the [Debtors] regarding the goods and rights that comprise the bankruptcy estate, is **suspended**, and they will be administered by the liquidator." Rosenberg Decl. Ex. 1-T at 8 (emphasis added).

## **CONCLUSION**

For the reasons set forth above, the Interested Parties respectfully request that the Court deny the Sealing Motion in its entirety and grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: June 18, 2019<br>New York, New York | PAUL, WEISS, RIFKIND, WHARTON<br>& GARRISON LLP<br><br>*/s/ Andrew N. Rosenberg*<br>Andrew N. Rosenberg<br>Aidan Synnott<br>William A. Clareman<br><br>1285 Avenue of the Americas<br>New York, New York  10019<br>Telephone:  (212) 373-3000<br>Facsimile:   (212) 757-3990<br>arosenberg@paulweiss.com<br>asynott@paulweiss.com<br>wclareman@paulweiss.com<br><br>*Counsel for the Interested Parties* |