UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Hearing Date:** **June 25, 2019**
**Hearing Time:** **2:00 p.m.**

------------------------------------------------------- x
                                              :
In re                                        :         Chapter 11
                                              :
PERFORADORA ORO NEGRO.           :      Case No. 18-11094 (SCC)
S. DE R.L. DE C.V., <u>al.</u>,                  :
                                              :      (Jointly Administered)
                   Debtors.      :
                                              ;
------------------------------------------------------- x

### OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR LEAVE TO FILE UNDER SEAL

**TO:   THE HONORABLE SHELLEY C. CHAPMAN,
        UNITED STATES BANKRUPTCY JUDGE**

William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**") submits the following objection to the Debtors' Motion for Leave to File under Seal (the "**Motion**"). ECF Doc. No. 204. Specifically, the Debtors seek to file part of the Motion of Foreign Representative for Order Pursuant to Bankruptcy Code Sections 105(A), 362, 363, 1520(A)(2), 1520(A)(3) and 1521(A)(7) Authorizing Entry into a Litigation Interest Agreement and Granting Related Relief, including the exhibits thereto (the "**Transaction Motion**") under seal. <u>See</u> ECF Doc. No. 205. In support thereof, the United States Trustee respectfully states:

### Introduction

Without providing any meaningful information, the Debtors seek an order from this Court allowing them to file under seal certain fees that they will be paying pursuant to a Litigation Interest Agreement.[1] According to the Debtors, the Litigation Interest Agreement gives the Debtors' Assignee the authority to pay to preserve the Debtors' ability to investigate

---

[1] Capitalized terms have the same definition as in the Motion.

and prosecute claims on behalf of the Debtors. <u>See</u> the Transaction Motion, pg. 6, ¶16. In return, the Debtors will make distributions to the Assignee for amounts recovered on account of the Debtors' claims, if any. <u>See</u> the Transaction motion, pg. 8, ¶20. The Debtors maintain – in a six page motion – with no accompanying declaration or any supporting evidence – that the "[m]otion and its supporting documents contain certain sensitive financial information and confidential commercial information regarding the Debtors and the Interest Assignee, the disclosure of which would harm the Debtors and the Interest Assignee." <u>See</u> the Motion, pg. 5, ¶15. Further, the Debtors' assert that "[t]his sensitive, confidential information is **entitled** to protection under Bankruptcy Code section 107(b) and Bankruptcy Rule 9018." <u>Id</u>. (emphasis added). The Debtors, however, have not met their burden for the Motion to be granted.

Specifically, the Debtors fail to explain why the amount of the fees paid by the Assignee to the Debtors and the amount that the Debtors anticipate distributing on account of recovered claims, if any (collectively referred to herein as the "**Fees**") are sensitive financial information and confidential commercial information. Indeed, unilateral self-serving statements cannot shield important information from interested parties and more importantly, fail to meet the burden the Debtors face under section 107 of the Bankruptcy Code. The Debtors have not proffered any evidence—such as a declaration or otherwise – that would justify the extraordinary remedy of sealing. Moreover, it is imperative that parties know the total fees that the Debtors are paying and receiving in order to evaluate the reasonableness of the agreement. Accordingly, without more, the sealing of the Transaction Motion and its exhibits contravenes Bankruptcy Code Section 107 and, therefore, should not be countenanced.

**Background**

1.     On June 7, 2019, the Debtors filed the Transaction Motion, which is heavily redacted, mainly with respect to the Fees. <u>See</u>, the Transaction Motion.

2.     Specifically, the Transaction Motion provides that the Assignee will pay an initial purchase price to the Debtors, and the Assignee will obtain a return on the proceeds, if any, recovered on the Debtors' claims in accordance with a payment waterfall outlined in the Litigation Interest Agreement. <u>Id</u>. at ¶¶ 19-20[2].

3.     On June 7, 2019, the Debtors filed the Motion seeking to seal and redact, in sum and substance, the Fees to be paid or distributed by the Assignee or the Debtors in the Transaction Motion.

**Argument**

Bankruptcy Code Section 107 sets forth the legal standard applicable to sealing information that is confidential. <u>See also</u> Fed. R. Bankr. P. 9018. Section 107(a) of the Bankruptcy Code provides, in part, that subject to certain limited exceptions:

> a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C. § 107(a). "There is a strong presumption and public policy in favor of public access to court records." <u>In re Borders Grp., Inc.</u>, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011); <u>see also</u>, <u>In re Food Mgmt. Grp.</u>, LLC, 359 B.R. 543, 553-55 (Bankr. S.D.N.Y. 2007) (Section 107 reflects Congress' intent to favor public access to papers filed with the Bankruptcy Court).

Congress has "implemented a statutory exemption to prevent disclosure of commercial

---

[2] The facts not described herein are set forth in the Motion.

information in a bankruptcy case." <u>Borders</u>, 462 B.R. at 46. Section 107(b) of the Bankruptcy

Code provides in relevant part that:

> [o]n request of a party in interest, the bankruptcy court shall, and
> on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential
> research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory
> matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).[3] "The exception to the general right of access in section 107(b) is narrow."

<u>Borders</u>, 462 B.R. at 47. The burden is on the moving party to show that a request to place

documents under seal falls within the parameters of Section 107(b). <u>Id</u>. at 46; <u>Food Mgmt.</u>, 359

B.R. at 561.

Under Section 107(b), "commercial information" has been defined as information which

would cause an "unfair advantage to competitors by providing them information as to the

commercial operations" of the requesting party. <u>Video Software Dealers Ass'n v. Orion Pictures

Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d 24, 27 (2d Cir. 1994)(internal quotations omitted);

<u>accord</u> <u>Borders</u>, 462 B.R. at 47. As this Court has stated:

> the term ["commercial information"] includes situations where a
> bankruptcy court may reasonably determine that allowing such
> disclosure would have a chilling effect on business negotiations,
> ultimately affecting the viability of Debtors. Moreover, the Court
> must also find that the redacted information is so critical to the
> operations of the entity seeking the protective order that its
> disclosure will unfairly benefit the entity's competitors.

Borders, 462 B.R. at 47-48 (internal quotations, citations and brackets omitted).

---

[3] Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Section 107(b). Fed. R. Bankr. P. 9018.

–4–

Section 107(a) of the Bankruptcy Code provides that all papers "filed in a case under this title . . . are public records and open to examination" by the public. 11 U.S.C. § 107(a). "This policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." Orion, 21 F.3d at 26, accord In re Alterra Healthcare Corporation, 353 B.R. 66, 71 (Bankr. D. Del. 2006)("[D]ocuments filed in bankruptcy cases have historically been open to the press and general public."). Although the Debtors may have private contractual confidentiality agreements, they do not and cannot supersede the ethics and disclosure requirements of the Bankruptcy Code and Rules.

A limited exception to public disclosure may be invoked to protect "an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b)(1); accord Fed. R. Bankr. P. 9018. Specifically, Bankruptcy Rule 9018 provides in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

The moving party bears the burden of showing that a request to place documents under seal falls within the parameters of Bankruptcy Code § 107(b) and Bankruptcy Rule 9018 by demonstrating ". . . that the interest in secrecy outweighs the presumption in favor of access." In re Continental Airlines, 50 B.R. 334, 340 (D. Del. 1993); accord, In re Food Mgmt. Group, 359 B.R. 543, 561

(Bankr. S.D.N.Y. 2007); In re Fibermark, Inc., 330 B.R. 480 (Bankr. D. Vt. 2005). To meet this

burden, the movant "must demonstrate extraordinary circumstances and compelling need to

obtain protection." Food Mgmt. Group, 359 B.R. at 561 (citing In re Orion Pictures Corp., 21

F.3d 24 at 27 (2d Cir. 1994)). A contractual agreement to keep information confidential is not

determinative. See In re Muma Services Inc., 279 B.R. 478, 485 (Bankr. D. Del. 2002) (if parties

could file documents under seal simply because of confidentiality provisions, then Court "would

never have control over motion practice" and Section 107 "would be meaningless.").

As noted above, the Motion contains little to no justification for the relief the Debtors

seek other than noting that the Transaction Motion "and its supporting documents contain certain

sensitive financial information and confidential commercial information regarding the Debtors

and the Interest Assignee, the disclosure of which would harm the Debtors and the Interest

Assignee." See, the Motion, pg. 5, ¶15. These assertions, however, do not demonstrate that the

Fees – which is the information sought to be sealed – are, in fact, commercially sensitive

information for purposes of section 107(b). This vague and unsupported statement alone is

simply not sufficient to overcome Congress's strong desire to preserve the public's right of

access to judicial records in bankruptcy proceedings. See e.g., Motors Liquidation Co.

Avoidance Action Trust v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.), 561

B.R. 36, 43 (Bankr. S.D.N.Y. 2016) ("Evidence—not just argument—is required to support the

extraordinary remedy of sealing."). In sum, contrary to the Debtors' assertions, it is not readily

apparent that the sealing of the Transaction Motion and its exhibits is required or otherwise

satisfies section 107(b) of the Bankruptcy Code, namely that such information actually

constitutes confidential commercial information. Likewise, in furtherance of the approval of the

Transaction Motion, the disclosure of the Fees is necessary to demonstrate the reasonableness of

the agreement. Therefore, the Motion must be denied.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the

Motion as requested herein and grant such other and further relief as the Court deems

appropriate.

Dated: New York, New York
June 18, 2019

Respectfully Submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:     /s/ *Shannon Anne Scott*
Shannon Anne Scott
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500