**HEARING DATE: July 16, 2019**
**HEARING TIME: 2:00 p.m. (EST)**

**WILK AUSLANDER LLP**
Jay S. Auslander
Eric J. Snyder
Natalie Shkolnik
Julie Cilia
Eloy A. Peral
1515 Broadway, 43rd Floor
New York, New York 10036
Telephone: (212) 981-2300

*Counsel for Seadrill Limited and Fintech Advisory Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
In re:

PERFORADORA ORO NEGRO, S. DE R.L. DE C.V., *et al.*,

Debtors in a Foreign Proceeding.
---------------------------------------------------------X

Chapter 15

Case No. 18-11094(SCC)

(Jointly Administered)

**OBJECTION OF SEADRILL LIMITED AND FINTECH ADVISORY INC.
TO THE FOREIGN REPRESENTATIVE'S MOTION TO SEAL
LITIGATION INTEREST AGREEMENT**

Seadrill Limited ("Seadrill") and Fintech Advisory Inc. ("Fintech") (together, the "Objectors"), by their attorneys, Wilk Auslander LLP, respectfully submit this objection to the *Motion for Leave to File Under Seal* [ECF No. 204] (the "Sealing Motion") of the Foreign Representative[1] requesting entry of an order permitting the Foreign Representative to file under seal copies of the *Motion of Foreign Representative for Order Pursuant to Bankruptcy Code Sections 105(A), 362, 363, 1520(A)(2), 1520(A)(3) and 1521(A)(7) Authorizing Entry into a*

---

[1] On June 14, 2019, the Concurso Court issued an order which, *inter alia*, declared that the Debtors' *Concurso Mercantil* proceedings are now in the *quiebra*, or liquidation, phase and which caused the appointment of Fernando Perez Correa Camarena as liquidator. The Debtors have filed a motion seeking to have Mr. Perez appointed as Foreign Representative.

01097375.7

*Litigation Interest Agreement and Granting Related Relief*, including the Litigation Interest Agreement that is completely withheld in the 363 Motion filed on the docket [ECF No. 205] (the "363 Motion," with the Sealing Motion, together as the "Motions"). In support of the Objection, the Objectors respectfully state as follows:

## PRELIMINARY STATEMENT

1. As we show below, very little is required to demonstrate standing to object to filing under seal and here, where the Objectors cannot obtain the information at issue through any other means, the threshold is easily satisfied.

2. Further, despite the heavy burden of proof that he bears, the Foreign Representative provides no justification for sealing the Litigation Interest Agreement or 363 Motion. There is a strong presumption in favor of public access to court records yet the Sealing Motion contains nothing establishing that the narrow exception set forth in 11 U.S.C. § 107(b)(1) applies here. The Foreign Representative cannot ignore his obligation to disclose simply because he would prefer that the information surrounding the proposed financing not be made public. Transparency is the rule, not the exception. Therefore, the Court should deny the extraordinary relief the Foreign Representative seeks in the Sealing Motion.

### I. THE OBJECTORS HAVE STANDING TO OBJECT TO THE SEALING MOTION

3. In the hope of resolving this issue informally rather than filing an objection with the Court, the Objectors asked the Foreign Representative's counsel for a copy of the Litigation Interest Agreement[2] ("LIA"), which they proposed be treated as "Confidential" under the *Confidentiality Agreement and Stipulated Protective Order* among the Debtors, the Foreign Representative, and the Objectors [ECF No. 169].

---

[2] Unless otherwise stated, all capitalized terms herein that are undefined shall have the same meaning as ascribed to them in the Motions.

2

4. Counsel for the Foreign Representative refused and went so far as to threaten the Objectors and their counsel with sanctions in the event the Objectors ultimately filed an objection. The Foreign Representative's counsel gave no reason for their refusal to provide the agreement beyond claiming that the Objectors did not have standing to object to the Motions.

5. In reality, however, courts require very little in order to demonstrate standing to object to the filing of a document under seal. To find standing, the Court must "only find that the Order ... being challenged presents an obstacle to the [objecting party's] attempt to obtain access" and that a decision to unseal the agreement would remedy the injury. *In re Alterra Healthcare Corp.*, 353 B.R. 66 (Bankr. Del. 2006) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir.1994) (finding that newspaper had standing to move to unseal documents).

6. Therefore, as long as the objecting party cannot obtain the sealed information through some other means, that party generally has standing to request that it be unsealed. *See In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 294–95 (D. Del. 2013), as corrected (Mar. 15, 2013) (finding that debtor had standing to move to unseal documents filed by creditors under seal because the debtor "is a member of the public and faces an obstacle to obtaining access to [sealed] Exhibits").

7. The Foreign Representative's attempt to hide every single detail about the litigation funding transaction only bolsters Objectors' standing to object. The transaction at issue: (1) seeks to monetize the Debtors' last remaining assets; and (2) is the only means to prosecute claims against the Objectors. (363 Mot. ¶ 40.) It cannot be disputed that consummation of the Transaction will have a profound and direct impact on the Objectors.

3

8.  Given that the Foreign Representative is seeking to deprive the Objectors of public access to the LIA, and the Objectors have no other means to view it, the Objectors have standing to object to the Sealing Motion.

## II. THE FOREIGN REPRESENTATIVE HAS FAILED TO PROVIDE ANY REASON FOR REQUESTING THE EXTRAORDINARY REMEDY OF FILING UNDER SEAL

9.  The default rule is that papers filed in a bankruptcy court are public records. *See* 11 U.S.C. § 107(a).

10. "There is a strong presumption and public policy in favor of public access to court records." *In re Borders Grp., Inc.,* 462 B.R. 42, 46 (Bankr.S.D.N.Y.2011). "Section 107(a) of the United States Bankruptcy Code codifies the public's common law right to inspect and copy judicial records and creates a presumption that all documents filed in a bankruptcy case are accessible to the public and subject to examination by the public at reasonable times without charge." *In re Anthracite Capital, Inc*., 492 B.R. 162, 170 (citing *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 26 (2d Cir.1994) ("*Orion*").

11. "[Section] 107(b) creates narrow statutory exceptions to the public access presumption, mandating that the Court protect confidential information and defamatory or scandalous material upon request of a party in interest." *Anthracite Capital,* 492 B.R. at 170. Section 107(a) provides in pertinent part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

12. The movant has the burden of proof to demonstrate that grounds for an exception under Section 107(b) exist. *See In re Chase*, Case No. 08–01128 (AJG), 2008 WL 2945997 at *6

4

(Bankr. S.D.N.Y. July 25, 2008) ("Since the sealing of records runs contrary to the strong policy of public access, 'only clear evidence of impropriety can overcome the presumption and justify protection under § 107(b)(2).'"). To meet this heavy burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection*.*" *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)); *see also In re Fibermark Inc.,* 330 B.R. 480, 503-04 (Bankr. D. Vt. 2005) ("In the Second Circuit, documents which are part of the court record should not remain under seal absent the most compelling reasons.") (citing *In re Ionosphere Clubs, Inc*., 156 B.R. 414, 434 (S.D.N.Y. 1993)).

13. In light of the strong presumption of public access to court documents, "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to seal court records. *Food Mgmt.,* 359 B.R. at 554 (citing *Orion,* 21 F.3d at 27).

14. Commercial information is "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Orion,* 21 F.3d at 27 (internal citation and quotation marks omitted). The "commercial information" exception "protects parties from the release of information that could cause them harm or give competitors an unfair advantage." *Gowan v. Westford Asset Mgmt. LLC (In re Dreier, LLP),* 485 B.R. 821, 822–23 (Bankr.S.D.N.Y.2013) (citing *Orion,* 21 F.3d at 27) (granting in part motion to seal with respect to information that generally explains how a party "decides which fund will make an investment," reflects "strategic decision making," and could conceivably be copied by competitors to reach the "same investors and same investments").

5

15. For purposes of filing a document with the Court under seal pursuant to § 107(b)(1), information is not "commercial" merely because it relates to business affairs. *In re Northwest Airlines Corp.,* 363 B.R. 704, 706 n. 4 (Bankr. S.D.N.Y. 2007). For example, in a recent decision the court refused to seal certain settlement payments because it found that the payments were not "commercial information" under § 107(b) and observed that "there appears to be unanimous agreement among courts that the terms of a settlement agreement, including the amount of any settlement payments, are not 'commercial information.'" *In re Wells Fargo Bank, N.A.*, No. MC 17-204-GLT, 2019 WL 642850, at *2 (Bankr. W.D. Pa. Feb. 14, 2019) (collecting cases).[3]

16. The Foreign Representative baldly concludes that the 363 Motion and the LIA deserve the extraordinary remedy of sealing under § 107(b) because he purportedly is seeking to protect "certain sensitive financial information and confidential commercial information regarding the Debtors and the Interest Assignee, the disclosure of which would harm the Debtors and the Interest Assignee." (Sealing Mot. ¶ 15.) Yet, he does not articulate why the information is of the type protected by § 107(b) or how the Debtors will be injured if the 363 Motion and LIA are not sealed.

17. The Debtors will no doubt argue that the Objectors seek disclosure of the LIA to gain leverage in the recently commenced adversary proceeding in which the Objectors are defendants. However, courts have uniformly rejected requests to seal agreements that are justified by a desire to preserve a party's negotiating leverage with its adversaries. *See Geltzer v. Andersen Worldwide, S.C.*, No. 05 CIV. 3339 (GEL), 2007 WL 273526, at *4 (S.D.N.Y. Jan. 30,

---

[3] Decisions from this District cited in *Wells Fargo* include: *Geltzer v. Andersen Worldwide, S.C.*, No. 05 CIV. 3339 (GEL), 2007 WL 273526, at *4 (S.D.N.Y. Jan. 30, 2007); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 174 (Bankr. S.D.N.Y. 2013); *In re Oldco M Corp.*, 466 B.R. 234, 238 (Bankr.S.D.N.Y. 2012); *In re Quigley Co., Inc.*, 437 B.R. 102 (Bankr. S.D. N.Y. 2010).

2007) ("*Geltzer*") ("The only reason given by the Trustee for confidentiality is that public disclosure of the Settlement Amount would enable other claimants against Andersen to determine how much Andersen is currently willing, and able, to pay in respect of the Trustee's claim, thereby potentially undercutting Andersen's negotiating leverage with such claimants. This is a wan excuse for impinging on the public's right of access to judicial documents. There is no discernable public interest, or interest of the bankruptcy estates, in preserving Andersen's 'leverage' as against other parties who have sued it. Nor has the movant indicated any authority to support its implicit proposition that protecting the bargaining position of the defendant in other, unrelated cases, is even a proper consideration of a court being asked to approve a settlement in a given case."); *In re Wells Fargo Bank, N.A.*, No. MC 17-204-GLT, 2019 WL 642850, at *1 (Bankr. W.D. Pa. Feb. 14, 2019) (refusing to seal certain amounts in a settlement agreement where the "sole articulated basis for sealing the Settlement Amounts is 'to avoid establishing a threshold with respect to any amounts Wells Fargo may agree to pay in order to settle similar litigation with other parties.'"); *In re Oldco M Corp.*, 466 B.R. 234, 238 (Bankr. S.D.N.Y. 2012) (following *Geltzer*).

18. Accordingly, the Court must deny the Sealing Motion in its entirety.

## RESERVATION OF RIGHTS

19. The Objectors reserve the right to raise additional grounds to object to the Motions that are not explicitly asserted in this Objection. The need to assert additional objections to the Motions may arise, for example, if the Court denies the Sealing Motion and the Objectors thereby receive an opportunity to review the LIA.

## CONCLUSION

For the reasons set forth above, the Objectors respectfully request that the Court: (1) deny the Sealing Motion in its entirety; and (2) grant such other and further relief as the Court deems just and proper.

Dated: June 27, 2019
New York, New York

**WILK AUSLANDER LLP**

By:_____
Jay S. Auslander
Eric J. Snyder
Natalie Shkolnik
Julie Cilia
Eloy A. Peral
1515 Broadway, 43rd Floor
New York, New York 10036
(212) 981-2300

*Counsel for Seadrill Limited and Fintech Advisory Inc.*