**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 15 |
| PERFORADORA ORO NEGRO, S. DE R.L. DE C.V., *et al.*, | ) ) ) | Case No. 18-11094 (SCC) (Jointly Administered) |
| Debtors. | ) ) ) |  |

**OBJECTION OF THE SINGAPORE RIG OWNERS TO MOTION OF FOREIGN REPRESENTATIVE FOR LEAVE TO FILE UNDER SEAL**

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036-6797
Tel: (212) 698-3500
Fax: (212) 698-3599

*Attorneys for Defendants Oro Negro Primus PTE. Ltd.;*
*Oro Negro Laurus PTE. Ltd.; Oro Negro Fortius PTE. Ltd.;*
*Oro Negro Decus PTE. Ltd.; and Oro Negro Impetus PTE. Ltd.;*

## TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 3

OBJECTION .................................................................................................................................. 4

I.   IF THE SEAL MOTION IS GRANTED, THE RIG OWNERS WILL BE UNABLE TO EFFECTIVELY OBJECT TO THE SUBSTANCE OF THE SALE MOTION IN VIOLATION OF DUE PROCESS ............................................................. 4

II.  THE SEAL MOTION FAILS UNDER SECTION 107(B) OF THE BANKRUPTCY CODE AND THE APPLICABLE PROCEDURAL RULES ............... 7

CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Dinova*,
  212 B.R. 437 (B.A.P. 2d Cir. 1997) ..................................................................................... 6

*Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp.)*,
  810 F.2d 270 (D.C. Cir. 1987) ............................................................................................ 5

*Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*,
  209 F.3d 252 (3d Cir. 2000) ................................................................................................ 5

*Geltzer v. Andersen Worldwide, S.C.*,
  No. 05 CIV. 3339 (GEL), 2007 WL 273526 (S.D.N.Y. Jan. 30, 2007) ........................... 7, 8

*Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP )*,
  485 B.R. 821 (Bankr. S.D.N.Y. 2013) ................................................................................ 9

*In re Grand Prix Assocs. Inc.*,
  No. 09-16545 (DHS), 2009 WL 1850966 (Bankr. D.N.J. June 26, 2009) .......................... 6

*Johnson v. Int'l Labs.*,
  No. 7:19-CV-0004-GFVT, 2019 WL 1877289 (E.D. Ky. Apr. 26, 2019) ......................... 2

*In re Lionel Corp.*,
  722 F.2d 1063 (2d Cir. 1983) .............................................................................................. 6

*In re Mejia*,
  576 B.R. 464 (Bankr. S.D.N.Y. 2017) ............................................................................ 5, 6

*Memphis Light, Gas and Water Div. v. Craft*,
  436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978) ............................................................... 5

*Mullane v. Central Hanover Bank & Trust*,
  339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ........................................................... 4, 5

*In re Nicole Energy Servs., Inc.*,
  385 B.R. 201 (Bankr. S.D. Ohio 2008) ............................................................................... 7

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978) ............................................................................................................ 7

*In re Oldco M Corp.*,
  466 B.R. 234 (Bankr. S.D.N.Y. 2012) ................................................................................ 8

*In re Orion Pictures Corp.*,
    21 F.3d 24 (2d Cir. 1994)..................................................................................................7, 8

*In re Rapid-Am. Corp.*,
    No. 13-10687, 2017 WL 6459348 (Bankr. S.D.N.Y. Dec. 15, 2017) ..............................2, 8, 9

*Southwire Co. v. Ramallo Bros. Printing*,
    540 F. Supp. 2d 307 (D.P.R. 2008)........................................................................................2

**Statutes**

11 U.S.C. 102...................................................................................................................4, 5

11 U.S.C. § 107............................................................................................................ *passim*

11 U.S.C. § 1520...................................................................................................................3

**Other Authorities**

Fed. R. Bankr. P. 2002...........................................................................................................4

Fed. R. Bankr. P. 9018.......................................................................................................2, 7

Fed. R. Bankr. P. 9019...........................................................................................................7

2 COLLIER ON BANKRUPTCY p. 102.02 (16th ed. 2019)..................................................5

Oro Negro Primus PTE. Ltd.; Oro Negro Laurus PTE. Ltd.; Oro Negro Fortius PTE Ltd.; Oro Negro Decus PTE. Ltd.; and Oro Negro Impetus PTE. Ltd. (collectively, the "**Singapore Rig Owners**" or "**Rig Owners**"), without submitting to the jurisdiction of the Court and without waiving and specifically preserving any objection based on lack of personal jurisdiction, hereby file this Objection (the "**Objection**") to the Foreign Representative's *Motion for Leave to File Under Seal* [Dkt. No. 204] (the "**Seal Motion**").[1]

## SUMMARY OF ARGUMENT

The then-Foreign Representative[2] (the "**FR**") filed the Seal Motion as part of an attempt to sell litigation claims that the Foreign Debtors purport to have against, among others, the Bondholders and the Rig Owners (the "**Claims**"). The Motions were filed while the Foreign Debtors were "on the precipice of liquidation." *See Motion of Foreign Representative for Order Pursuant to Bankruptcy Code Sections 105(A), 362, 363, 1520(A)(2), 1520(A)(3) and 1521(A)(7) Authorizing Entry into Litigation Interest Agreement and Granting Related Relief* [Dkt. No.205] (the "**Sale Motion**" and, together with the Seal Motion, the "**Motions**") ¶ 14. The Seal Motion should be denied on two separate grounds.

*First*, the FR puzzlingly seeks to keep the terms of the proposed Transaction (as defined below) secret not only from the public but also from all creditors and other parties-in-interest in the case, including the Rig Owners – who are entitled as a matter of due process to notice of "the terms and conditions" of the proposed Transaction as a matter of law. By the Seal Motion, the

---

[1] Capitalized terms used and not otherwise defined have the meaning ascribed to them in the Sale Motion (as defined below). Docket references are to the Chapter 15 Docket, Case No. 18–11094, unless stated otherwise.

[2] The Objection refers to Foreign Representative as the FR for convenience and uses the term herein generically to refer to the foreign representative at different points in time. Quinn Emanuel has filed a Proposed Order with the Court, currently scheduled for Presentment On July 8, 2019, confirming Fernando Perez Correa Camarena as foreign representative. *See* Notice of Presentment [Dkt. No. 225].

FR seeks to file the Litigation Interest Agreement (hereinafter, the "**Litigation Sale Agreement**," and the transaction contemplated thereunder, the "**Transaction**") in its entirety under seal and to heavily redact the Sale Motion such that all material, business, legal, and economic terms and conditions of the proposed Transaction will remain confidential even to the creditors and parties-in-interest who have requested copies of them and who have expressed an interest in potentially objecting to the Sale Motion. Absent such disclosure, the Rig Owners will have no ability to object to the substance of the Sale Motion, the adjudication of which rests heavily on the economic terms of the proposed Transaction and the surrounding circumstances. Without this information, the Sale Motion cannot be adjudicated on a fair adversarial basis and any objection process will be futile. The Seal Motion should thus be denied.

*Second*, the Seal Motion does not meet, nor even attempts to meet, the standards prescribed in Section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for sealing portions of a pleading. Other than a single paragraph quoting Section 107(b)(1), the Seal Motion is barren of any facts, case law, or analysis justifying treating the Litigation Sale Agreement and its terms as "a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).[3] As a result, the Seal Motion fails to meet the heavy burden of rebutting the "strong presumption and public policy in favor of public access to court records." *In re Rapid-Am. Corp.*, No. 13-10687, 2017 WL 6459348, at *1 (Bankr. S.D.N.Y. Dec. 15, 2017).

---

[3] The FR was required to lay out the facts and arguments in his Motions, and may not brief them in a reply because "[r]eply briefs are designed for a moving party to *reply* to a response brief, not provide the moving party a second chance to file the initial motion." *Johnson v. Int'l Labs.*, LLC, No. 7:19-CV-0004-GFVT, 2019 WL 1877289, at *2 (E.D. Ky. Apr. 26, 2019); *see also Southwire Co. v. Ramallo Bros. Printing*, 540 F. Supp. 2d 307, 312 (D.P.R. 2008) ("a litigant may not use a reply to rehash old arguments or to assert arguments it could and should have presented in an earlier memorandum").

## BACKGROUND

On June 7, 2019, six days before the *Concurso* case was converted to a liquidation case (the "**Liquidation**"),[4] the FR filed the Sale Motion and the Seal Motion. In the Sale Motion, the FR seeks authority to sell an interest (the amount of which has been redacted) in certain litigation Claims allegedly asserted pursuant to Section 1520(a) of the Bankruptcy Code. The FR views the Claims as the Foreign Debtors' most valuable asset, submitting that they are "likely to be the primary source of distributions to stakeholders." *See* Sale Motion ¶ 40. In the Seal Motion, the FR is seeking to file the Litigation Sale Agreement in its entirety under seal and to heavily redact the Sale Motion such that all material, business, legal, and economic terms and conditions of the proposed Transaction will remain confidential not only from the public in general, but also from the Foreign Debtors' creditors and other parties-in-interest in the case, including the Rig Owners.[5]

On June 13, 2019, the *Concurso* Court issued an order converting the *Concurso* case to liquidation, directing the Mexican equivalent of the U.S. Trustee to appoint a liquidator within five (5) days, *see Concurso* Liquidation Order at 7 (Article "Third"), and ordering that all managerial and administrative responsibilities in connection with the Foreign Debtors, including control over their assets and any disposition thereof, are now vested in the liquidator. *See Concurso* Liquidation Order at 6-9.[6]

---

[4] On June 13, 2019, the *Concurso* Court entered an order converting the case to a liquidation case (the "***Concurso* Liquidation Order**"). This Court was informed of this development on June 17, 2019 by certain interested parties. *See* Letter re Mexican Liquidation Order [Dkt. No. 211]. For the Spanish original and a certified translation of the *Concurso* Liquidation Order, *see id*, Exhs. 1 and 1-T, respectively. *See also* Notice Pursuant to § 1518 [Dkt. No. 217].

[5] The Rig Owners are creditors of the Debtors.

[6] All citations are to the certified translation of the *Concurso* Liquidation Order. *See* Letter re Mexican Liquidation Order [Dkt. No. 211], Ex. 1-T.

On June 18, 2019, Mr. Perez, filed a letter with the Court informing it that he has been ratified as liquidator by the relevant agency in Mexico. *See* Letter by Liquidator Fernando Perez Correa [Dkt. No. 221]. Mr. Perez further stated that "from now until I assume control of the Debtors' management and assets, it is to be expected that current managers should continue to pursue and conserve [the] litigation claims." *Id*. Mr. Perez did not mention the *sale* of the litigation claims.

## **OBJECTION**

### I. If the Seal Motion is Granted, The Rig Owners Will Be Unable to Effectively Object to the Substance of the Sale Motion in Violation of Due Process

The FR has not served the un-redacted copy of the Sale Motion and its exhibits on the service list and the FR's Counsel refused to provide it to the Rig Owners' Counsel upon request.[7] Without receiving un-redacted copies of the Sale Motion and its exhibits, parties-in-interest, including the Rig Owners, will not be able to effectively object to the substance of the Sale Motion because they would not have access to any information regarding the proposed Transaction. Such a procedure effectively turns the hearing into an *ex-parte* request in violation of the Bankruptcy Code and Rules and the constitutional protections of the Due Process Clause. *See* Bankruptcy Rule 2002(c)(1), dealing with "Content of Notice" for a 363 Sale motion ("the notice of a proposed use, sale, or lease of property required by subdivision (a)(2) of this rule shall include…*the terms and conditions of any private sale*[.]") (emphasis added); 11 U.S.C. 102(1); *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed.

---

[7] As the Rig Owners already informed the Court, "[t]he Rig Owners' counsel conferred with FR's counsel and asked FR's counsel to provide the Rig Owners' counsel with unredacted copies of the Sale Motion. FR's counsel refused arguing that since the Rig Owners are litigation targets, presumably referring to the complaint filed on June 6, 2019, Adv. P. 19-1294, they will never support the Sale Motion and the request is pretextual." *See* Letter from Shmuel Vasser, Counsel for the Rig Owners, to Hon. Shelley C. Chapman (June 13, 2019) [Dkt. No. 209].

4

865 (1950) (defining the notice required to fulfill due process as being "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and *afford them an opportunity to present their objections*…. The notice must be of such nature as reasonably to *convey the required information*.") (citations omitted, emphasis added); *see also* 2 COLLIER ON BANKRUPTCY P 102.02[2][a] (16th ed. 2019) ("Notwithstanding section 102(1) and the Bankruptcy Code's desire for flexibility, an adversely affected party is entitled, consistent with the due process requirements of the Constitution, and with the wording of section 102(1), to notice reasonably calculated to apprise it of the proposed action and *an opportunity to be heard*") (emphasis added).

As the Supreme Court has stated, notice which fails to convey the required information to protect one's rights "is a mere gesture [and] is not due process." *See Mullane*, 339 U.S. at 315; *Memphis Light, Gas and Water Div. v. Craft*, 436 U.S. 1, 14-15, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978) (content of notice deficient); *Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 265 (3d Cir. 2000) (notice of auction of debtor's assets failed due process as it "failed to convey the required information, i.e., that the sale included defenses to claims and, therefore, was constitutionally infirm."); *Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp.)*, 810 F.2d 270, 278-79 (D.C. Cir. 1987) (content of notice inadequate when it failed to disclose that the consolidation sought is with retroactive effect). Thus, to be afforded the "opportunity to present their objections," the Rig Owners must be provided with the "required information" – the terms of the proposed Transaction – so they can determine whether the Transaction meets the requirements of the Bankruptcy Code.

Typically, movants seeking approval of a 363 Sale make an effort to establish, among other things, that "the sale—the result of extensive marketing activities [by a broker]—is

5

supported by sound business judgment [and] the sale price is the highest and best price and is in the best interest of the estate and its creditors." *In re Mejia*, 576 B.R. 464, 467 (Bankr. S.D.N.Y. 2017). Moreover, a court must "expressly find from the evidence presented before [it] at the hearing a good business reason to grant" a 363 Sale motion. *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). *See also In re Grand Prix Assocs. Inc.*, No. 09-16545 (DHS), 2009 WL 1850966, at *4 (Bankr. D.N.J. June 26, 2009) ("Debtors must prove the following: (1) a sound business purpose for the sale; (2) the proposed sale price is fair; (3) the debtor has provided adequate and reasonable notice; and (4) the buyer has acted in good faith"). If such information is contained in the Sale Motion, it has been redacted and cannot be adjudicated on a fair adversarial basis. *See In re Dinova*, 212 B.R. 437, 444 (B.A.P. 2d Cir. 1997) ("Obviously the purpose of 'notice and a hearing' is to enable parties to *respond to the facts* and law tendered in support of the motion") (emphasis added). This is especially true here where the person who originally sought relief under the Seal Motion and the Sale Motion individually claims to be a co-plaintiff and there is the potential that he could personally benefit under the agreement paid for with estate assets.

Although not contained in the Seal Motion, it would appear that the FR's justification for not disclosing the information is that the Rig Owners will never consent to the proposed Transaction since they are the targets of the litigation, and thus in the FR's Counsel's view are not entitled to the un-redacted copies. Of course the FR offers no precedent supporting his position that he is not required to provide information to parties who are targets to a lawsuit – since there is none. Section 107 simply doesn't provide for protection under these circumstances. In fact, law and practice are to the contrary. Many confirmed Chapter 11 plans include funding of litigation trusts. The information is filed publicly for all to see, including the litigation trusts'

6

targets. In addition, there is good reason to disclose the information to litigation targets, as they are often successful purchasers of claims asserted against them when they are put up for sale. *See*, *e.g.*, *In re Nicole Energy Servs., Inc.*, 385 B.R. 201 (Bankr. S.D. Ohio 2008) (approving a sale of claims against the defendant-purchaser holding that the sale met both Section 363 and Rule 9019 standards). But unless the targets are given the information, they cannot make bids or assess the fairness of the proposed transaction, file objections, or bring issues to the attention of the Court. To avoid violation of the Rig Owners' due process rights and the notice requirements prescribed by the Bankruptcy Code and Rules, the Seal Motion must be denied.

## II. The Seal Motion Fails Under Section 107(b) of the Bankruptcy Code and the Applicable Procedural Rules

The Seal Motion should also be denied because it does not meet the standard prescribed in Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. In order to prevail on a motion to seal under Section 107(b)(1), the movant has the burden to demonstrate that filing under seal is necessary in order to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). It is well-settled that there is a strong presumption and public policy in favor of public access to court records. *See*, *e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-598 (1978). This principle is "rooted in the public's first amendment right to know about the administration of justice." *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994). It is generally true that public access "helps safeguard 'the integrity, quality, and respect in our judicial system.'" *Id*. at 26 (internal citations omitted). It is especially true in the context of the court approval of a 363 Sale agreement involving a foreign debtor and implicating insiders. *See Geltzer v. Andersen Worldwide, S.C.*, No. 05 CIV. 3339 (GEL), 2007 WL 273526, at *2 (S.D.N.Y. Jan. 30, 2007) (in the context of a settlement agreement that required bankruptcy court approval, held: "The press and public could

7

hardly make an independent assessment of the facts underlying a judicial disposition, or assess judicial impartiality or bias, without knowing the essence of what the court has approved").[8]

While Section 107(b) provides an exception to this rule in appropriate cases, including when "commercial information" is concerned, the exception is "narrow" and the "judge must carefully and skeptically review the motion and the underlying documents to ensure that compelling or extraordinary circumstances exist." *In re Oldco M Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012) (internal quotations omitted). "The moving party bears the burden of showing that the information is confidential." *Id*. Here, other than citing Section 107(b), the only argument made in the Seal Motion is the conclusory statement that "[t]he Motion and its supporting documents contain certain sensitive financial information and confidential commercial information regarding the Debtors and the Interest Assignee, the disclosure of which would harm the Debtors and the Interest Assignee. This sensitive, confidential information is entitled to protection." *See* Seal Motion ¶ 15. Courts, however, regularly reject this argument as a basis for protection under Section 107. *See*, *e.g.*, *Geltzer v. Andersen Worldwide, S.C.*, at 4 ("Nor has the movant indicated any authority to support its implicit proposition that protecting the bargaining position of the defendant in other, unrelated cases, is even a proper consideration of a court being asked to approve a settlement in a given case").

When ruling on a similar motion, seeking to file portions of a 363 Sale motion as well as the entire sale agreement under seal, the *Rapid-Am. Corp.* Court explained that "[i]n a sense, all information relating to a commercial transaction is 'commercial information'" and "[t]he debtor

---

[8] As is relevant here, the codification of Section 107(a)—providing that "[e]xcept as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records[,]" 11 U.S.C. § 107(a)—"evidences congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *In re Orion Pictures Corp.*, 21 F.3d at 26.

8

has not even made the effort to show that the disclosure of the redacted information will harm either party or place either party at a competitive disadvantage." *In re Rapid-Am. Corp.*, at 1. The Court thus denied the motion to seal, reasoning that "[t]he debtor has failed to sustain its burden" as any concerns "could be overcome simply by redacting the name of the purchaser while including other relevant information, specifically, the sale price." *Id*. The Seal Motion here similarly seeks to file a 363 Sale agreement under seal and to redact all of its terms in the Sale Motion without making the effort to show how the information is entitled to protection as "a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

It is well-settled that "[t]he 'commercial information' exception is not intended to offer a safe harbor for those who crave privacy or secrecy for its own sake. Instead, it protects parties from the release of information that could cause them harm or give competitors an unfair advantage." *Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP )*, 485 B.R. 821, 823–24 (Bankr. S.D.N.Y. 2013). Here, in light of the failure to offer *any* support for the Seal Motion the FR did not meet the heavy burden required for rebutting the "strong presumption and public policy in favor of public access to court records." *In re Rapid-Am. Corp.*, at 1. The Seal Motion should thus be denied on this basis as well.

## CONCLUSION

For the foregoing reasons, the Rig Owners respectfully request that this Court deny the Seal Motion.

9

|  |  |
|---|---|
| Dated: June 28, 2019<br>New York, New York | Respectfully submitted,<br><br>By: */s/ Allan S. Brilliant*<br>Allan S. Brilliant<br>Shmuel Vasser<br>Yehuda Goor<br>DECHERT LLP<br>1095 Avenue of the Americas<br>New York, NY  10036-6797<br>allan.brilliant@dechert.com<br>shmuel.vasser@dechert.com<br>yehuda.goor@dechert.com<br>Tel:  (212) 698-3500<br>Fax: (212) 698-3599<br><br>*Attorneys for Oro Negro Primus PTE. Ltd.; Oro Negro Laurus PTE. Ltd.; Oro Negro Fortius PTE Ltd.; Oro Negro Decus PTE. Ltd.; and Oro Negro Impetus PTE. Ltd.* |