**PAUL HASTINGS**

1(212) 318-6790
pedrojimenez@paulhastings.com

**VIA HAND DELIVERY**

July 15, 2019

The Honorable Shelly C. Chapman
United States Bankruptcy Court
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

    Re:  *In re Perforadora Oro Negro S. de R.L. de C.V., et al., Case No. 18-11094 (SCC)*

Dear Judge Chapman:

We represent and write this letter on behalf of accounts managed by Bardin Hill Investment Partners L.P. and its affiliates ("Bardin Hill"), holders of those certain 7.50% Senior Secured Bonds issued by Oro Negro Drilling Pte. Ltd. and guaranteed by its parent company and debtor Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. ("Oro Negro Parent").  Bardin Hill is a creditor of Oro Negro Parent with rights to appear and be heard in the chapter 15 cases pending before Your Honor, and is not a party to any of the litigation that is before this Court or the Mexican court overseeing Oro Negro Parent's liquidation proceeding.

It recently has come to our attention that Oro Negro Parent filed two motions before this Court seeking authority to (a) enter into a sale of an interest in claims that Oro Negro Parent holds against certain third parties (the "Sale Motion") and (b) keep under seal critical, relevant terms of the Sale Motion (the "Seal Motion").[1]  It is our understanding that a hearing is scheduled for tomorrow, July 16, 2019, to consider the Seal Motion, and thus we write this letter to describe to the Court significant concerns with the process Oro Negro Parent appears to have followed to date in seeking to utilize assets of its estate that are available to satisfy the claims of creditors, including Bardin Hill.

Specifically, as a creditor of Oro Negro Parent, Bardin Hill is entitled to information regarding the property proposed to be sold as part of the Sale Motion, the terms and conditions of any such sale and the process by which Oro Negro Parent came to the decision to file the Sale Motion, including without limitation, which and how many parties Oro Negro Parent spoke with regarding the sale, any other offers that were made, other alternatives that Oro Negro Parent considered prior to filing the Sale Motion and whether the sale is subject to higher and better bids.  Moreover, depending on the terms and conditions of the proposed sale, Bardin Hill could very well be interested in proposing terms to Oro Negro Parent that could be more competitive and beneficial to the estate than the terms contained in the Sale Motion.

Indeed, it is unclear how Bardin Hill is expected to evaluate meaningfully the merits of the Sale Motion and determine whether it is in the best interests of Oro Negro Parent's creditors.  Bardin Hill has attempted to contact counsel to the Foreign Representative for the purpose of obtaining this information, and in the absence of receiving such information, must object to approval of the

LEGAL_US_E # 142924749.1

**PAUL**
**HASTINGS**

The Honorable Shelly C. Chapman
July 15, 2019
Page 2

Seal Motion (and Sale Motion) as completely contrary to the well-established precedent and procedures for approval of the sale of property under section 363 of the Bankruptcy Code.[2]

Respectfully submitted,

Pedro A. Jimenez
of PAUL HASTINGS LLP

cc: Gabriel F. Soledad, Esq.
    (Via Email: gabrielsoledad@quinnemanuel.com)

---

[1]   Federal Bankruptcy Rule 2002(a)(2) requires notice to all creditors of any proposed use or sale of property of the estate outside of the ordinary course of business. Notwithstanding the language of Bankruptcy Rule 2002, Bardin Hill did not receive any notice of the Sale Motion or the Seal Motion.

[2]   Bardin Hill also reserves the right to seek discovery in aid of its efforts to understand the process and terms underlying the Sale Motion.

LEGAL_US_E # 142924749.1