PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Pedro A. Jimenez

*Counsel to Bardin Hill Investment Partners LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
|                                                        : Chapter 11
*In re:*                                                 :
|                                                        : Case No. 18-11094-SCC
PERFORADORA ORO NEGRO, S. DE R.L. DE                     :
C.V., ET AL.,                                            :
|                                                        :
      Debtors in a Foreign Proceeding.              :
------------------------------------------------------------X

**RESPONSE OF BARDIN HILL INVESTMENT PARTNERS LP**
**TO FOREIGN REPRESENTATIVE'S MOTION FOR LEAVE TO FILE UNDER SEAL**
**[DOCKET NO. 204] AND AMENDED NOTICE OF HEARING [DOCKET NO. 245]**

Bardin Hill Investment Partners LP, as investment advisor for accounts it manages (collectively, "Bardin Hill") which hold 7.50% Senior Secured Bonds (the "Senior Secured Bonds") issued by Oro Negro Drilling Pte. Ltd. and guaranteed by its parent company and chapter 15 debtor Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. ("Oro Negro Parent"), files this response to the Notice of (a) Hearing on Motion to Seal and (b) Supplemental Briefing Schedule for Motion for Authorization to Enter into Litigation Interest Agreement (the "Seal Motion"), and respectfully states as follows:

1.    Oro Negro Parent and Perforadora Oro Negro, S. de R.L. de C.V. (the "Chapter 15 Debtors") have sought authority from this Court under section 363 of title 11 of the United States Code (the "Bankruptcy Code") to sell an interest in litigation claims that they hold against

certain parties through entry into a litigation interest agreement (the "Litigation Interest Agreement").

2. Contemporaneously with their request to enter into the Litigation Interest Agreement, the Chapter 15 Debtors filed the Seal Motion, which requests authority to keep the entirety of the Litigation Interest Agreement under seal, meaning that this Court is essentially being asked to approve the sale transaction without any public record on the relevant terms and conditions of such sale.

3. In support of the proposition that the Chapter 15 Debtors are entitled to keep the Litigation Interest Agreement confidential, the Chapter 15 Debtors cite to a number of cases involving discovery disputes where the adverse party to the litigation sought to obtain a copy of the litigation funding agreement.

4. And while the Chapter 15 Debtors are correct that the courts there found that a litigation funding agreement did not have to be produced in discovery because of the potential unfair advantage that production may confer on the other parties to the litigation, the Chapter 15 Debtors' reliance on those cases completely misses the point here.[1] Section 363 of the Bankruptcy Code contemplates a public and transparent process of what a debtor is seeking to sell, the terms and conditions governing such sale and whether the proposed sale is in the best interests of the debtor's estate and how creditors and other parties in interest may be affected if such sale were to be approved.

---

[1] The Chapter 15 Debtors do cite to one bankruptcy case in which a bankruptcy court did permit a debtor to file the entirety of a document under seal, but in that case, the agreement was provided to the United States Trustee and the official committee of unsecured creditors. *In re Farmland Indus., Inc.*, 290 B.R. 364 (Bankr. W.D. Mo. 2003).

2

5. As the Chapter 15 Debtors acknowledge, bankruptcy cases require an even greater level of public disclosure. And even where commercial sensitivity and unfair advantage issues have militated in favor of permitting a debtor to keep certain information relating to a sale under seal, bankruptcy courts have carefully weighed that interest against the necessity to ensure a transparent record of the sale proceedings on which creditors and other parties in interest can consider the propriety of the proposed sale in question. *In re Oldco M Corp.*, 466 B.R. 234, 238 (Bankr. S.D.N.Y. 2012) ("[R]ather than wholesale sealing of documents containing some confidential information, redacting the document to remove only confidential information is the preferred form of protection.").

6. The decision in *In re Borders Group, Inc.* is instructive on this point. 462 B.R. 42 (Bankr. S.D.N.Y. 2011). In *Borders*, Judge Glenn was presented with a debtor's request (in connection with the debtor's motion under section 363 of the Bankruptcy Code to sell its equity interest in a non-debtor) to keep certain portions of a stock purchase agreement confidential. The portions of the stock purchase agreement that *Borders* sought to keep confidential related to sensitive key employee and financial information of the target company and of the purchaser. *Id*. at 48.

7. While Judge Glenn permitted the debtor in *Borders* to keep selected portions of the stock purchase agreement under seal, he did so only after verifying that the debtor had filed a redacted version of the stock purchase agreement which disclosed all of the relevant terms of the sale so as to permit creditors and other parties in interest to properly evaluate the proposed transaction.[2]

---

[2] Footnote 13 of the Reply that the Chapter 15 Debtors filed in support of the Seal Motion [Docket No. 232] implies that the Chapter 15 Debtors would be filing a "minimally redacted version of the

3

8.  Perhaps just as important, the Chapter 15 Debtors' efforts to keep confidential the Litigation Interest Agreement also appears inconsistent with recent statements of the Mexican court overseeing the liquidation process of the Chapter 15 Debtors. There, the court expressed concerns that the proposed sale process being advocated by the Chapter 15 Debtors violates applicable provisions of Mexican insolvency law. *See Notice of Filing of Certified Translations of Relevant Concurso Court Documents*, at Exhibit D [Docket No. 248].

9.  To date, Bardin Hill has been unable to see even the most basic terms of the Litigation Interest Agreement — indeed, Bardin Hill does not know exactly what the Chapter 15 Debtors propose to sell, at what price, whether there are any conditions to the sale, and/or how proceeds received from the Litigation Interest Agreement are proposed to be used.[3]

10. For the foregoing reason, the Seal Motion should be denied and the Chapter 15 Debtors should be required to file all of the relevant terms of the Litigation Interest Agreement so as to give creditors and parties in interest an opportunity to evaluate the merits of the Sale Motion.

*[Remainder of page intentionally left blank.]*

---

Litigation Interest Agreement." To date, neither Bardin Hill or its counsel has seen such redacted version of the Litigation Interest Agreement on the docket of these chapter 15 cases.

[3] Following the July 16, 2019 status conference, Bardin Hill provided to counsel for the Chapter 15 Debtors statements showing the amount of Senior Secured Bonds held by Bardin Hill and also provided a draft confidentiality agreement that would prohibit Bardin Hill from sharing the Litigation Interest Agreement or its contents with any third party other than its counsel. Counsel to the Chapter 15 Debtors refused to provide even a redacted version of the Litigation Interest Agreement, choosing instead to (a) continue to press for information related to the dates on and prices at which Bardin Hill purchased the Senior Secured Bonds and (b) circulate comments on the draft confidentiality agreement that sought to classify Bardin Hill as a proposed purchaser (presumably in aid of a position that Bardin Hill was just a frustrated bidder and therefore lacked standing to object to the Sale Motion) and attempt to restrict Bardin Hill from relying on any of the information in the Litigation Interest Agreement as a basis on which it could object to approval of the Sale Motion.

| | |
|---|---|
| Dated: August 5, 2019<br>New York, New York | */s/ Pedro A. Jimenez*<br>Pedro A. Jimenez, Esq.<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>pedrojimenez@paulhastings.com<br><br>*Counsel to Bardin Hill Investment Partners LP* |