NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
AUSTIN
HANOI
HO CHI MINH CITY

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

TIMOTHY T. BROCK
DIRECT DIAL: +1 212 404 8781
PERSONAL FAX: +1 212 818 9606
*E-MAIL:* TTBrock@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

February 16, 2022

VIA E-MAIL AND CM/ECF

The Honorable Judge Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:      *In re: Perforadora Oro Negro, S. de R.L. de C.V., et al.*, **Case No. 18-11094 (SCC) (the "Chapter 15 Cases")**

Dear Judge Chapman:

      We submit this letter as counsel to José Gerardo Badín Cherit, in his capacity as the foreign representative (the "**Foreign Representative**") of Integradora de Servicios Petroleos, S.A.P.I de C.V. ("**Integradora**") and Perforadora Oro Negro, S. de R.L. de C.V. ("**Perforadora**," together with Integradora, collectively, the "**Debtors**"), to respectfully request that the Court schedule and hold a conference in the above-referenced Chapter 15 Cases.[1]  The purpose of the requested conference is to address a months-long dispute (the "**Dispute**") between the Foreign Representative and the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn**") regarding the turnover of certain documents owned by and/or pertaining to the Debtors.  Quinn was advised on January 31, 2022, that this Court's intervention would be sought.[2]

---

[1]      This letter is submitted pursuant to the Court's Chambers' Rules regarding Conferences and in accordance with 11 U.S.C. § 1525(b).

[2]      Although this communication did not engender any substantive reply, Quinn did write, on February 8, that it was "reviewing" the Foreign Representative's turnover request (the status and background to which is set forth below).  Given the continuing opacity of the situation (as described below), and the Foreign

DUANE MORRIS LLP

230 PARK AVENUE, SUITE 1130    NEW YORK, NY 10169-0079      PHONE: +1 212 818 9200    FAX: +1 212 818 9606



The Honorable Judge Shelley C. Chapman
February 16, 2022
Page 2

  The Dispute relates to and arises out of the Foreign Representative's request that Quinn turn over to him, through his counsel, any and all files, records, documents, instruments, materials, and communications related to, in connection with, or arising from Quinn's past representation of the Debtors and any former liquidator and/or foreign representative of the Debtors – to which the Foreign Representative is a successor – that Quinn and/or any attorneys at Quinn have access to or have in their possession and/or custody (collectively, the "**Debtors' Documents**").

  The Foreign Representative does not have direct specific knowledge as to everything that is included in the universe of the Debtors' Documents; however, Debtors' Documents are believed to include, without limitation, (a) documents provided by the Debtors' current or former directors, officers, or employees, or otherwise collected from the Debtors or their subsidiaries, (b) documents, memoranda, presentations, meeting reports, and communications with any governmental agencies or authorities in Mexico or abroad (including in the United States, including but not limited to any meetings, evidence and documentation delivered or rendered to the Department of Justice, Federal Bureau of Investigation, Securities Exchange Commission, or any of their agents or officers), (c) documents collected or created by advisors retained by Quinn or the Debtors, including but not limited to the investigatory firm B.C. Strategy UK Ltd ("**Black Cube**"), which is party to an engagement letter with the Debtors that was filed in the Debtors' Foreign Main Proceeding, (d) documents, presentations, meeting reports, and communications with the New York Times, the Wall Street Journal, and any of their reporters, and (e) documents, presentations, meeting reports, and any communications related to any financing or sale of the assets of the Debtors or their subsidiaries, including any financing or sale of litigation claims.

  The Debtors' Documents that the Debtors' professionals (including Quinn and Black Cube) created or obtained pursuant to their engagement by the Debtors constitute property of the Debtors. Accordingly, the Debtors' Documents should be delivered to the Foreign Representative forthwith, *See, e.g.*, *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 689 N.E.2d. 879, 883 (N.Y. 1997) ("Barring a substantial showing by [petitioners' former counsel] of good cause to refuse client access, petitioners should be entitled to inspect and copy work product materials, for the creation of which they paid during the course of the firm's representation.").

  After several months of correspondence and telephonic and Zoom communications between the Foreign Representative's counsel and Quinn devoted to resolving this matter, Quinn has only produced a portion of the Debtors' Documents. Specifically, Quinn has refused to provide to the Foreign Representative any Debtors' Documents other than those received in discovery taken within the adversary proceedings pending in connection with the Chapter 15 Case (the "**Discovery Documents**"). Accordingly, despite the Foreign Representative's multiple clarifications and confirmations that his request for the Debtors' Documents was never, and still

---

Representative's desire for prompt redress, he instructed our Firm to proceed with requesting a conference in the first instance.

DuaneMorris

The Honorable Judge Shelley C. Chapman
February 16, 2022
Page 3

is not, limited only to the Discovery Documents, Quinn has refused to deliver to the Foreign Representative the remaining Debtors' Documents.

As the Foreign Representative has previously advised the Court pursuant to the *Foreign Representative's Notice Pursuant To 11 U.S.C. § 1518 And Federal Rule Of Bankruptcy Procedure 2015(d) Of Substantial Change In Status Of Foreign Main Proceeding* [Docket No. 316], the *Concurso* Court approved the sale of all of the Debtors' assets to NT Refectio XX AS, the winning bidder, which sale is currently stayed pending an *amparo* appeal. For the avoidance of doubt, the present Dispute is separate and apart from the sale of the Debtors' assets pursuant to the Mexican sale proceedings. Rather, the Foreign Representative, on behalf of the Debtors, merely seeks for Quinn to turn over the Debtors' Documents, which constitute the Debtors' property and property of the Debtors' foreign bankruptcy estates.

Despite the Foreign Representative's patience and multiple clarifying requests for the Debtors' Documents, Quinn has continued to fail to comply in full with such request. For this reason, the Foreign Representative respectfully requests that the Court schedule and hold a conference to address this Dispute with a view toward resolving it, but minimally to identify the most prudent way forward should turnover litigation prove inevitable.

Respectfully submitted,

*/s/ Timothy T. Brock*

Timothy T. Brock

cc: Juan Morillo, Esq. (by email)
Gabriel Soledad, Esq. (by email)
Serafina Concannon, Esq. (by email)
Florentina Field, Esq. (by email)